A. C. TUGGLE, plaintiff in error, *vs.* JOHN W. TUGGLE, administrator, defendant in error.

1. Upon the trial of an issue whether a conveyance of land made by a father to a son shortly before his death, for an alleged consideration of $500 00, and natural love and affection, of which the son had been in possession for many years before such conveyance without payment of rent, was intended as an advancement, or a gift for love and affection, or a sale upon a valuable consideration, it was competent to show that the father returned the land, and paid taxes thereon, for the year in which the conveyance was made, and prior thereto.

2. It was also competent to show what was the value of the father's estate at the time of the conveyance.   This fact, taken in connection with the number of his children, tended to illustrate his intention.

Advancement.  Evidence.  Before Judge PEEPLES.  DeKalb Superior Court.  March Term, 1876.

Reported in the decision.

L. J. WINN, for plaintiff in error.

CANDLER & THOMSON, for defendant.

WARNER, Chief Justice.

This was an appeal from the court of ordinary of DeKalb county.   On the 13th of May, 1871, Lodwick Tuggle, a short

time prior to his death, executed and delivered a deed conveying a certain described tract of land to his son, A. C. Tuggle, for and in consideration of the natural love and affection which he had and bore to his said son, and in and for the consideration of the sum of $500 00 cash in hand paid by the said A. C. Tuggle, the receipt whereof is hereby acknowledged, etc. The question in issue for trial betwen A. C. Tuggle and the administrator of Lodwick Tuggle, was whether the conveyance of the land by the intestate, was intended as an advancement to his son, or whether he intended to convey to him the absolute title to the property, either for natural love and affection, or for a valuable consideration. On the trial of that issue, the jury, under the charge of the court, found a verdict in favor of the administrator, that it was an advancement. The plaintiff, A. C. Tuggle, made a motion for a new trial on various grounds, which was overruled by the court, and the plaintiff excepted.

It appears from the evidence in the record that the plaintiff had been living on the land since the year 1856, up to the time of making the deed by his father to him in 1871, without the payment of any rent therefor. The evidence as to *the* intention of his father in making the deed in 1871, was conflicting. There is evidence in the record which would have authorized a verdict for either party.

1. There was no error in admitting the witness, Jones, to testify that the deceased intestate gave in and paid tax on the land prior to, and including the year 1871. Whether the objection was made on the ground that there was higher and better evidence of the facts sought to be proved, does not appear. The evidence was relevant to the issue on trial, in view of the proven facts of the case.

2. There was no error in admitting in evidence what was the value of the deceased intestate's estate at the time the deed was made. That evidence, when taken in connection with the proven number of his children, was a circumstance going to show what might have been the probable intention of the intestate in making the deed to the plaintiff. An ad-

vancement, is any provision by a parent to, and accepted by, a child out of his estate, either in money or property during his lifetime, over and above the obligation of the parent for maintenance and education. Donations from affection, and not made with a view of settlement, nor intended as advancements, shall not be accounted for as such: Code, section, 2579. Whether the deceased intestate, when he conveyed the tract of land to his son, in view of all the facts and circumstances connected with the transaction, as shown by the evidence, intended it as an advancement, was *the* question for the jury to decide. In submitting that question to the jury, under the evidence in the record, we find no error in the charge of the court, or in refusing to charge as requested.

Let the judgment of the court below be affirmed.