SUSAN E. HOLLIDAY, plaintiff in error, *vs.* JOHN T. WING-FIELD, administrator, defendant in error.

1. Section 2579 of the Code, which is in the following words: "An advancement is any provision by a parent made to, and accepted by, a child out of his estate, either in money or property, during his lifetime, over and above the obligation of the parent for maintenance and education," does not mean that an "advancement must not only have been intended by the parent as an advancement, but must also have been accepted by the child as an advancement;" and a charge in the words last quoted is erroneous.

2. A gift of property by a parent to a son after marriage, when said son is living to himself, is *prima facie* an advancement.

3. Whilst a grandfather is not bound in law to maintain and educate the wife and children of his deceased son, yet he has the legal right to do so, and to treat his bounty as no advancement; and whether the fund he furnished them was an advancement to the grandchild or not, depends upon the intention of the grandfather at the time of the gift.

4. The controlling question in this case, is the intention with which the intestate parted with his property or money to his heirs at law; if the son lived apart from him, the presumption is, that he designed to advance to him if he sent him property, but this presumption may be rebutted by the facts and circumstances of the case. The evidence being conflicting, and the presiding judge having erred, in the judgment of this court, on the points ruled in the first and second head-notes, and it being impossible to ascertain how far the jury were influenced by these erroneous charges, the case should be tried over.

Advancements. Parent and child. Gifts. Presumptions. Before Judge BARTLETT. Wilkes Superior Court. November Term, 1876.

Sufficiently reported in the opinion.

DAVID A. VASON, for plaintiff in error.

R. TOOMBS, for defendant.

JACKSON, Judge.

The administrator on the estate of N. Wylie brought a bill against the heirs at law, requiring them to interplead and have their respective rights to the estate settled. The heirs were Mrs. Holliday, Mrs. Andrews, daughters of N. Wylie, and the children of H. L. Wylie, a son, who died before his father, N. Wylie. The sole dispute among them was in respect to advancements each had received. The evidence was very voluminous and somewhat conflicting. The jury, under the charge of the court, found that Mrs. Holliday had been advanced some seven or eight thousand dollars, and the others nothing. Mrs. Holliday moved for a new trial on various grounds; it was denied to her; and she excepted and the case is before this court for our review.

1. It is alleged in the motion that the court erred in charging the jury that " advancements must not only have been intended by the parent as an advancement, but must also have been accepted by the child as an advancement." We think that this charge is not the law. The court, we think, misconstrued section 2579 of the Code. That section is as follows: " An advancement is any provision by a parent, made to, and accepted by, a child, out of his estate, either in money or property, during his life-time, over and above the obligation of the parent for maintenance and education." These words do not mean that the child must formally accept the provision as an advancement; that the parent must say

to the child,. "now, I give you this as an advancement," and the child respond, "I accept it as such." The meaning is, that the child must receive the provision, get the property or money in possession, and in that sense accept it, take it, keep it. The very next section—2580—shows that the meaning given by the court below to 2579 cannot be correct. That section (2580) declares that "a memorandum of advancements in the handwriting of the parent, or subscribed by him, shall be evidence of the fact of advancement, but shall not be conclusive as to the valuation of the property, unless inserted as a part of the testator's will or referred to therein." It does not matter that the child never heard of this memorandum; that he was ignorant of it altogether; that he thought it a donation from affection; and hence, *never accepted it as an advancement.* The mere memorandum of the parent concludes him as to everything except the valuation of the property. We cannot find any such idea in any decision of this court, or elsewhere; but we find cases *passim* which preclude such an interpretation of the law of advancements.

2. The court refused to charge the following request: "A gift of property by a parent to a son after marriage, when said son is living to himself, is *prima facie* an advancement." We think that this request should have been given. The intention of the donor is the question, and certainly it would seem that when he sent property, or gave money to a married son living to himself, that, in the absence of all rebutting proof, he meant the property sent to be a provision over and above his obligation for maintenance and education; and, therefore, when it got to the child, it became *prima facie,* or presumtively, an advancement. In 16 *Ga.,* 16, it was held that a deed of gift conveying property to a child, having no words indicating any intention that it was an advancement, operated, presumptively, as an advancement. See, also, 22 *Ga.,* 43, 574; 23 *Ib.,* 351, 531; 25 *Ib.,* 352; 39 *Ib.,* 108; 51 *Ib.,* 20.

3. It was also assigned as error, and ground for a new trial, that the jury found contrary to the charge of the court, in that the court charged section 2579 of the Code, and that, "N. Wylie was not bound in law to maintain and educate the wife and children of Henry L. Wylie."

We cannot say that the verdict was contrary to this charge; for while it is true that the grandfather was not bound to educate and support his grandchildren, he could do so, if he wished, and treat what he did as a donation from affection, and not as an advancement; and whether it was the one or the other, is altogether a question of intention on his part to be gathered from the whole transaction. If they lived in a house of his, if he advanced provisions from time to time, or gave small sums of money from time to time, and kept no account or memorandum of them, it would seem reasonable that he did not mean such gifts as advancements, but as gifts to support and school his grandchildren.

4. The controlling question in this case, we think, is the intention with which the testatator sent property to his children, living apart from him. If he intended, when he sent property to his son, to give him the property, he being married and living apart, the gift was presumptively an advancement; but this presumption could be rebutted by the facts and circumstances of the case. Mrs. Holliday, however, was entitled to the benefit of the presumption in the case of her father's dealings with her brother, and how far this presumption of law would have gone to establish her theory of the case in the minds of the jury, we cannot tell. So, too, she is entitled to have the error of the charge, that the advancement or provision must not only have been intended by the parent, but accepted by the child, *as an advancement*, corrected; for we cannot tell how much that may have affected the jury. Certainly, there was no proof that any one of the children; or of the grandchildren, ever accepted anything in terms as an advancement, and if this charge were law the jury would be bound to find against

them all; and they could only have found against her, and probably did so, on section 2580 of the Code; but as there was no memorandum against the other heirs, and no evidence of their accepting any property as an advancement, this charge may have controlled the verdict.

In view of these two erroneous views of the law, as we think, we feel that the case has not been fairly given to the jury, and that they have not had a fair opportunity of passing upon its merits on the true issue of the intention of the intestate, in respect to his gifts to his heirs.

We do not think that the charge requested in the sixth ground of the motion for a new trial should have been given, because it would not elucidate the issue—that issue being between the parties interpleading, and being confined to their respective advancements. This request was in regard to a default of the administrator, which was not in issue. It was properly refused.

The eighth ground is incomprehensible to us, on account of an unfilled blank left therein. Of course, we cannot pass upon what we do not understand on account of omissions which leave no sense in what is in the record; and the plaintiff in error is responsible for not making the ground of error intelligible. Inasmuch, however, as the evidence is very voluminous and conflicting, especially in regard to the dealings of the intestate with his son Henry, and as the court erred in not submitting the issue properly to the jury, we deem it our duty to send the case back.

Judgment reversed.