## HOWARD *et al.* v. HOWARD *et al.*

1. A conveyance of land by a father to a son, purporting to have been made in consideration of love and affection, will, in the absence of proof to the contrary, be presumed to have been intended as an advancement.
2. Loose declarations made by a person shortly before his death, and evidently referring to property which he then owned, in the course of which he stated how as between his wife and his two sons he "wanted" his lands to go after his death and his reasons for so desiring, are not admissible in determining whether or not a conveyance of land made years before to the two sons jointly was or was not intended as an advancement.
3. There was sufficient evidence to warrant the verdict, and no error in denying a new trial.

Submitted April 17, — Decided May 20, 1897.

Interpleader.   Before Judge Hart.   Putnam superior court. March term, 1896.

*Joseph S. Turner*, for plaintiffs in error.

Cobb, J.   Hunt as administrator of Haron J. Howard filed his petition, alleging that his intestate had died leaving an estate consisting of certain personal property and four hundred acres of land; that the heirs of the intestate were his widow Mary M. Howard, and his two sons John T. and Alexander H. Howard; that petitioner was informed that deceased had given to his two sons certain land to which they held deeds, and that the widow contended it was an advancement and should be accounted for as a part of their distributive shares in the estate; that petitioner desired the judgment of the court for his protection; and he prayed that the heirs at law be required to interplead as to the matter in dispute between them.

Mrs. Howard in her answer alleged, that her husband made an advancement of 258 acres of land to the two sons, and that the same was intended to be a charge against them in the distribution of his estate.

John T. and Alexander H. Howard alleged in their answer, that while such conveyance was made, it was based on mere love and affection, was not made as an advancement, and was not intended by the intestate to be a charge against them, but was an absolute gift; and even if it was true, as alleged by Mrs. Howard, that the land was an advancement and must be accounted for as such, the value of such advancement at the time it was made was nothing, because at that time there was pending against the intestate as surety a suit which resulted in a judgment which was enforced against the land, and being a valid lien thereon, was settled by them at a sum far greater than the value of the land.   A verdict was returned that John T. and Alexander H. Howard were each chargeable with the sum of $516.00 as an advancement on account of said land; and their motion for a new trial being overruled, they excepted.

1. As there was evidence that Haron J. Howard delivered to his two sons a deed of gift to the land in controversy, there

was a presumption that he intended it as an advancement, there being no proof showing a contrary intention. *Phillips* v. *Chappell*, 16 *Ga.* 16; *Brown* v. *Burke*, 22 *Ga.* 574; *Holliday* v. *Wingfield*, 59 *Ga.* 206; Civil Code, §§ 3474, 3478.

2. In order to prove that the deed was not intended by the intestate as an advancement, evidence was offered to the effect that the intestate shortly before his death had said that he wanted his two sons to have certain tracts of land, and his widow a certain other tract (the portion to go to John T. Howard being the largest tract and of greater value than the other tracts), because he had done more for his son Alexander H. than he had done for his son John T. and that he already owed John money, which he had never been able to pay.

These declarations made by a sick man a few months before his death, and evidently referring to property which he then owned, could not possibly throw any light upon the question as to what was his intention when he made and delivered the deed to his sons many years before the time of this conversation. The court properly refused to admit this evidence.

3. While the evidence was conflicting as to the value of the land, there was sufficient evidence to authorize the jury to find that the land was to be accounted for as an advancement, and to fix the value at the amount stated in the verdict.

*Judgment affirmed. All the Justices concurring.*