## BLAND *et al.* *v.* BEASLEY *et al.*

FISH, C. J.   An administrator filed a petition for direction, the substance of which was:   The intestate died leaving four sons and six daughters as his heirs at law; the administrator has in his hands for distribution among the heirs a given sum, the proceeds of the sale of the lands of which the intestate died seized and possessed in fee; the daughters claim that the fund to be distributed should be divided amongst them alone, for the reason, as they contend, that the intestate, shortly prior to his death, made advancements to each of the sons, which were so accepted by them in full satisfaction of all interest they might in any event thereafter be entitled to in their father's estate.   The sons deny such contention of the daughters, and claim that they are equally interested with the daughters in the fund for distribution.   The prayers were, that the sons and daughters of the intestate should interplead, and that a decree be rendered directing the administrator how to distribute the fund.   The sons and daughters answered the petition, setting up their respective contentions substantially as alleged in the petition.   All parties admitted that the widow was entitled to one fifth of the net fund for distribution.   *Held:*

1. Upon the trial of the sole issue in the case, as to whether the sons had received their full interests in the estate by reason of the alleged advancements to them, it was competent for one of the daughters to testify to the effect that her father told her, at or prior to the time he made certain conveyances of land to his sons, that he intended them as advancements to his sons of all that they should ever have of his estate; such testimony not being objected to by the administrator but by the sons only, the grounds of objection being that the suit was instituted by the administrator against the witness and others for direction, and therefore that the witness could not testify as to conversations between herself and the intestate, and further that the testimony was hearsay.   *Cobb* v. *Hall,* 136 *Ga.* 254 (4), 255 (71 S. E. 145) ; see also *Mattox* v. *Barry,* 136 *Ga.* 183 (71 S. E. 155).

(a) Similar testimony of the husband of one of the daughters was admissible over like objections.

2. Upon the trial of such a case as indicated above, it was error to permit a witness to testify in behalf of the daughters that "If the home place [of which the intestate died seized and possessed, and the proceeds of the sale of which was in the administrator's hands to be distributed] had been divided among the girls at the time the boys got their lands, the boys would have got the most," the objection urged to such testimony being that it was irrelevant, as the only question as to the value of the alleged advancements was what they were worth at the time they were made.

3. In view of the issue on trial, as stated in the first headnote, and the ruling there made as to the competency of one of the daughters to testify as to declarations made to her by the intestate as to advancements made by him to his sons, it was competent for one of the sons to testify, in behalf of himself and his brothers, that he bought and paid for the two tracts of land conveyed to him by the intestate, which the daughters claimed to have been given to him as advancements.

4. The instructions to the jury complained of in the 6th and 7th grounds of the motion for new trial did not clearly and accurately state the doctrine of estoppel, which the judge evidently had in mind; but as there was no evidence to authorize the instruction on that doctrine, we deem it unnecessary to deal more specifically with the charges to which exceptions were taken.

*Judgment reversed. All the Justices concur.*
SEPTEMBER 24, 1912.

Interpleader. Before Judge Rawlings. Bulloch superior court. June 22, 1911.

*Hines & Jordan, R. Lee Moore,* and *J. J. E. Anderson,* for plaintiffs in error. *Brannen & Booth* and *H. B. Strange,* contra.