NEAL *et al. v.* NEAL, administratrix, *et al.*

ATKINSON, J.    J. C. Neal died intestate on June 23, 1917. Etta M. Neal, widow of the intestate, was appointed administratrix on October 9, 1917. On July 10, 1918, the administratrix instituted an action against herself as an individual, and Charles P. Neal and William G. Neal, sons of the intestate by a former marriage, alleging that such widow

and two sons were all the heirs at law of the intestate. The petition alleged all that is stated above, and substantially the following: Petitioner has sold the estate consisting of realty and personalty and paid all debts of the intestate, and has on hand approximately $2000 in money for distribution after .payment of the expenses of the administration. In 1916 the intestate gave to each of his two sons above named property or money approximating in value $700, such property being so given upon the understanding that it was to be in full of all their respective interests as heirs at law in his estate after his death, and that it was so received by them. In view of such advancements the widow demands all of the money as sole heir at law of the deceased. The sons each deny that the property was given to them in full settlement of their interests in the estate, or that it was given to them as advancements. and refused to consent to the payment of all of the money in the hands of the administratrix to the widow. It was prayed, among other things, that the court give direction as to distribution of the funds in the hands of the administratrix, whether the property theretofore turned over to the sons should be accounted for as advancements and in what amount; whether either of the sons is entitled to any further share in the estate; and whether the widow is entitled to the whole of the fund. The answer of the defendants admitted the allegations contained in the second paragraph of the petition, "that the heirs of the said J. C. Neal, deceased, are Mrs. Etta M. Neal, his wife, and two sons by a former marriage, to wit: William G. Neal and Charles P. Neal," but denied the several allegations as to having received property or money from their father in full payment of any interest they might have as heirs at law after his death, or that they received any property or money given by their father as advancements to be deducted from their interest in the settlement of his estate. The jury returned a verdict as follows: "We, the jury, find an advancement to W. G. Neal of $700.00; also to C. P. Neal of $700.00." The bill of exceptions assigns error on the judgment of the court overruling a motion for new trial made by the defendants named in the verdict. *Held*:

1. Election of a widow to take a child's part in the estate of the husband may be affirmatively shown by circumstances as well as by direct evidence. Allegations in a petition to marshal assets, and for accounting, filed by the widow as administratrix upon the estate of her deceased husband within the first year of the administration, to the effect that petitioner and two others *are the heirs* of the deceased, will authorize a finding that the widow had elected to take a child's part. *Harris* v. *McDonald*, 152 *Ga.* 18, 24 (108 S. E. 448); *Smith* v. *Smith*, 141 *Ga.* 629 (2), 634 (81 S. E. 895).

2. In a suit by a widow as administratrix against the heirs of the intestate, to marshal assets and for an accounting, the widow is a competent witness for the plaintiff, under the provisions of the Civil Code, § 5858, to testify as to declarations of the deceased tending to show that certain property delivered to some of the heirs was intended as advancements. *Bland* v. *Beasley*, 138 *Ga.* 712 (76 S. E. 50), and cit.

3. A gift of property by a father to his adult son who is married and does not live under the parental roof is presumed to be an advancement.

.Civil Code, §§ 4052-4056, 3020; *Holliday* v. *Wingfield*, 59 *Ga.* 206 (2) ; *Howard* v. *Howard*, 101 *Ga.* 224 (28 S. E. 648).

4. If a father has two adult sons to whom he desires to give a tract of land in equal shares, but before making the gift he mortgages the whole tract for half its value and gives the money to one of them, and afterwards conveys the whole tract to the other son, intending that he shall pay for a half interest by discharging the mortgage, and receive the other half interest as a gift, the transaction will be a sale as to the first half interest and a gift as to the latter.

(*a*) If there were no other circumstances to negative an intention by the donor that the donee should account for the value of the gift in the subsequent distribution of the donor's estate, the gift would be presumed to be an advancement. *Holliday* v. *Wingfield*, and *Howard* v. *Howard*, supra.

5. If a father, intending to give effect to a transaction of such dual character as mentioned in the preceding note, executes an absolute deed conveying the whole tract to the son, which states a specified sum of money as the consideration which is double the amount actually paid, the statement as to consideration may be inquired into (Civil Code, § 4179) in an action by the administrator of the estate of the grantor against the heirs of the grantor, to marshal the assets and for an accounting, and in such action declarations of the intestate, made at and prior to execution of the deed, although out of the presence of the sons, tending to show a gift of such undivided interest in the land, are admissible in evidence. *Tuggle* v. *Tuggle*, 57 *Ga.* 520; *Bland* v. *Beasley*, supra.

(*a*) The record of file in this court in the case last cited shows that one of the deeds relied on to show an advancement stated a sole money consideration, which does not appear in the report of the case. In the case first cited the deed recited " love and affection " and five hundred dollars as the consideration.

(*b*) Nothing ruled in this case conflicts with the decision of this court in *Miller* v. *Miller*, 105 *Ga.* 305 (31 S. E. 186). The grantees in the deed relied on in that case to show an advancement were minors living with their father, the grantor, and there was no offer to show by extraneous evidence that a gift to the grantees was intended.

6. Applying the principles above announced, none of the grounds of the motion for new trial complaining of the admission of evidence and of certain excerpts from the charge of the court show error requiring a new trial.                    *Judgment affirmed. All the Justices concur.*

No. 2424.    FEBRUARY 28, 1922.

Equitable petition. Before Judge Wright. Chattooga superior court. December 20, 1920.

*Henry & Jackson, Wesley Shropshire,* and *Maddox & Doyal,* for plaintiffs in error.

*Denny & Wright* and *John D. & E. S. Taylor,* contra.