BOWEN *et al.* v. HOLLAND, administratrix, *et al.*

No. 11863.   October 5, 1937.

*W. T. Burkhalter* and *Kirkland & Kirkland,* for plaintiffs.

*Hitch, Denmark & Lovett, Eason & Everitt,* and *P. M. Anderson,* for defendants.

Bell, Justice.   A. H. Holland, a resident of Tattnall County, died intestate in 1933, leaving as his heirs at law the following: Mrs. A. H. Holland, his widow; Mrs. W. W. Bowen and B. L. Holland, children; and Sallie (Barrow) Hinson and Mary Barrow, grandchildren, being the children and sole heirs at law of a deceased daughter.   Mrs. A. H. Holland was named administratrix of the estate of her deceased husband.   At the time of his death A. H. Holland had on deposit in the Claxton National Bank about $4600, the same having been deposited subject to withdrawal by either A. H. Holland or his wife.   After the death of her husband, Mrs. Holland claimed title to this deposit.   In this situation Mrs. W. W. Bowen brought a petition in equity to have the sum declared a part of the assets of the estate; and the other heirs were later made parties plaintiff in the action.   On the first trial a verdict was directed in favor of the claim of the defendant, Mrs. A. H. Holland.   The plaintiffs' motion for new trial was overruled, and they excepted.   This court reversed the judgment overruling the motion for new trial, on the ground that the court erred in directing the verdict.   The foregoing is only a brief resume of the facts as they appeared on the former review of the case in this court.   For a more detailed statement, see *Bowen* v. *Holland,* 182 *Ga.* 430 (185 S. E. 720).   The issues involved on the present writ of error were raised by pleadings filed after the judgment of reversal by this court.   When the case was reached again in the court below, Mrs. A. H. Holland amended her answer by alleging substantially the following:   A. H. Holland during his lifetime conveyed to Mrs. W. W. Bowen and B. L. Holland, plaintiffs, 211-3/5 acres of land, more or less, "known as the A. H. Holland old home place," which she is advised by Mary Barrow and Mrs. Sallie Hinson, grandchildren of A. H. Holland, was

intended by the grantor as an advancement to the grantees. As shown by a copy of the deed attached to the answer, the conveyance was made on January 22, 1932, and recited a consideration of "natural love and affection." The defendant as administratrix prayed direction relatively to the alleged advancements to Mrs. Bowen and B. L. Holland. The grandchildren filed a so-called answer admitting the allegations made in this amendment, and averring that the property described therein was of the value of $5000 in 1932, at the time of its conveyance. They further alleged that other advancements were made to Mrs. Bowen and B. L. Holland, as follows: On April 24, 1911, Holland conveyed to his son B. L. Holland a tract of land worth $1600, or more, at the time of its conveyance; on March 8, 1912, he conveyed to Mrs. W. W. Bowen a tract of land of the value of $1500, or more, at the time of the conveyance. They alleged that it was the intent of the grantor that these properties should be accounted for as advancements, and that no advancements were ever made to these grandchildren or their mother.

On the trial of the case the jury returned a verdict finding in favor of the estate in regard to the $4600 bank deposit; and also that the lands conveyed by A. H. Holland, deceased, to Mrs. W. W. Bowen and B. L. Holland were advancements, fixing the value of the advancements to each at $2500. Mrs. Bowen and B. L. Holland filed a motion for new trial containing the general grounds, and several special grounds complaining of specified portions of the court's charge. This motion was overruled, and they excepted.

■ A portion of the court's charge to the jury on the question of advancements was as follows: "In that regard I charge you that while an acceptance of the thing given is essential, it would not be essential for the child to accept it as an advancement or even know that the parent so intended. Advancements must be given by the parent, and the child must accept the thing given; but the intention of the father, what he intended, is the law of the case. I charge you in that regard that if you find in this case that the intestate conveyed to these children Mr. Holland and Mrs. Bowen certain property, and you should find at the time of the conveyance, and they accepted it of course, that they were grown people, not a part of his immediate household, but living

off to themselves, then in that event the law would presume these conveyances to be advancements, and the burden, of course, would be upon them to show the contrary." This portion of the charge was assigned as error because the court charged, in effect, that a conveyance by a father to his adult children living apart from his immediate household, of which the consideration is "natural love and affection," is presumed to be an advancement, and the burden is on the grantees to prove otherwise. There is no merit in this contention. The charge as given was correct under the following decisions. *Holliday* v. *Wingfield,* 59 *Ga.* 206 (2); *Howard* v. *Howard,* 101 *Ga.* 224 (28 S. E. 648); *Neal* v. *Neal,* 153 *Ga.* 44 (3) (111 S. E. 387); *Barron* v. *Barron,* 181 *Ga.* 505 (2) (182 S. E. 851).

■ The portions of the court's charge assigned as error in grounds 5 and 6, even if erroneous, are not ground for a reversal, because they related solely to the widow's claim to the bank deposit, as to which the verdict was favorable to the plaintiffs in error. *Mathews* v. *Bosworth,* 76 *Ga.* 19; *Brown* v. *Brown,* 152 *Ga.* 463 (2) (110 S. E. 234).

■ The evidence was sufficient to support the verdict. The undisputed evidence was that the sole consideration for the conveyances of real estate made by the deceased to the plaintiffs in error was love and affection, and that the grantees were adults, married, and living apart from the immediate household of their father, the grantor, at the time these conveyances were made. Under the authorities cited in the first division, these facts were sufficient to raise a presumption that the lands conveyed were intended as advancements; and under the evidence we can not say as a matter of law that this presumption was overcome. On the contrary, the evidence would seem to support the inference that the grantor, desiring to make a division of his estate among his heirs, conveyed this land to his two living children, planning to give money, instead of land, to his other heirs, his wife and two grandchildren.

The grounds of the motion for new trial have all been considered, and it does not appear that the court erred in overruling the motion.  *Judgment affirmed. All the Justices concur.*