## 32651. YOUMANS, Sheriff, *v.* CONSUMERS FINANCING CORPORATION.

WORRILL, J. To the bill of exceptions in this case is attached a paper setting forth certain objections of the defendant in error to the allegations of fact contained in the bill of exceptions, which in substance amounts to a denial of the truth of the allegations referred to therein. These objections by counsel for the defendant in error are not expressly identified as and made a part of the bill of exceptions. The trial judge's certificate to the bill of exceptions begins: "I do certify that the foregoing bill of exceptions is true with exceptions noted by deft. in error, and contains all the evidence . . ", and continues in all other respects in the statutory form. The defendant in error moves in this court to dismiss the writ of error on the ground that the trial judge did not unqualifiedly certify to the truth of the bill of exceptions as required by law. *Held:* The form of the trial judge's certificate must be construed as approving the bill of exceptions as true in part and untrue in part. " 'If when the bill of exceptions is presented to the trial judge it needs correction or qualification, the proper amendment should be made in the bill of exceptions itself; and where there is an attempt to limit its verity by a recital in the certificate, the proceeding is nugatory and does not confer jurisdiction upon this court.' *Clary* v. *Nash,* 6 *Ga. App.* 549 (65 S. E. 301). Where, as here, the judge's certificate to the bill of exceptions verifies it in part only, and shows it to be in part untrue, the certificate is not a lawful one, and the write of error must be dismissed." *Jones* v. *Pierce,* 66 *Ga. App.* 254 (17 S. E. 2d, 838), and citations. The amendment to the Code, § 6-806, by the act of 1946 (Ga. L. 1946, p. 726) did not change this rule where it affirmatively appears, as it does in this case, that the trial judge's certificate amounts to a denial of the truth of some part of the bill of exceptions. *W. T. Rawleigh Co.* v. *Forbes,* 202 *Ga.* 425 (1) (43 S. E. 2d, 642).

*Writ of error dismissed. Sutton, C. J., and Felton, J., concur.*

DECIDED JANUARY 6, 1950.

*H. Alonzo Woods,* for plaintiff in error.
*Homer S. Durden Jr.,* contra.