34001.   MOORE *v*. GREEN.

DECIDED APRIL 17, 1952—REHEARING DENIED MAY 6, 1952.

*Jas. L. & Will G. Moore*, for plaintiff.

*Boykin & Boykin, D. S. Strickland*, for defendant.

GARDNER, P. J. ■ The defendant, W. E. Green, moves to dismiss the bill of exceptions, on the ground that it "is not certified to or approved as true, as required by statute; that the bill of exceptions itself verifies it in part only and shows it to be in part untrue, and for that reason" should be dismissed, as it is not such a bill of exceptions as is required by law, and because same is not as "a whole approved by the court, in that the bill of exceptions recites on page 2 . . as follows: 'Be it further remembered that plaintiff objected to the allowance of said amendment upon the ground that it was contradictory to the plaintiff's theory of the case, and was not a proper matter to constitute a part of the defendant's counterclaim which was brought in only one count as it attempted to set up an entirely different theory of the defendant's right to recover as the plaintiff in counterclaim against W. Frazier Moore as defendant in counterclaim. (Not approved—see notation of court on the exceptions pendente lite, Wm. W. Mundy, J. S. C. T. C.)'" The certificate to the bill of exceptions recites, "I do certify that the foregoing bill of exceptions is true," without qualification.

The exceptions pendente lite show: that on the trial the defendant offered an amendment to his answer, in which he alleged that "as an additional defense [he added] the defense that he was placed in an emergency by an automobile hitting him from the rear and knocking him across the left-hand side of the road in front of plaintiff's car"; that the plaintiff objected thereto "on the ground it was contradictory to the plaintiff's theory of the case and was not a proper matter to constitute a part of plaintiff's counterclaim, which was brought in only one count, as it attempted to set up an entirely different theory of

defendant's right to recover as plaintiff in counterclaim against W. Frazier Moore as defendant in counterclaim"; and that said amendment was allowed over the plaintiff's objection on February 20, 1951, "and the substance of said amendment and the contentions set out therein were charged to the jury on the trial of the case."

On the margin of these pendente lite exceptions, is the following notation, signed by the judge: "When the entire stenographic record is submitted on this motion hearing I fail to find any objection to the amendment and my recollection is none was made. This Dec. 18, 1951." This is the notation referred to in the notation made on the margin of the second page of the bill of exceptions to this court. The bill of exceptions is certified, without qualification, as being true, and the cases referred to in the brief of the defendant in error, such as *Youmans* v. *Consumers Financing Corp.*, 80 *Ga. App.* 676 (57 S. E. 2d, 238), and others, to the effect that, when a bill of exceptions is not certified as true without qualification, the same will be dismissed in this court, are not applicable. However, where certain recitals of fact, contained in a bill of exceptions, are not approved by the court as true, and there is a notation to that effect in the bill of exceptions, although the certificate recites that the bill of exceptions is true and correct, this notation and failure to approve certain recitals of fact as true, does not render the bill of exceptions subject to dismissal, but such recited facts embodied in these recitals will not be considered by the court in passing on the errors complained of in the bill of exceptions. This case will be passed upon as if there was no objection filed to the allowance of the amendment by the defendant on February 20, 1951. It follows that the motion to dismiss the bill of exceptions is denied.

■ The exceptions pendente lite, in which the plaintiff sets out that the court below erred in allowing the amendment of the defendant of February 20, 1951, to his counterclaim, are not approved by the trial court and will not be considered.

■ The plaintiff's petition, as amended, shows that the collision resulting in the injury sued for took place on January 2, 1949. The petition was filed December 29, 1950. The defendant's answer, in which he claims certain damages growing

out of this collision, was filed August 15, 1951, more than two years after the collision and the accrual of the damages asked for in the answer. The plaintiff moved orally to strike from the defendant's answer the allegations thereof relating to the defendant's claim for damages, as being barred under the provisions of Code § 3-1004. The court overruled these objections, and the plaintiff filed his exceptions pendente lite, assigning error thereon in the bill of exceptions. The jury returned a verdict finding against the plaintiff and for the defendant, but did not find in favor of the defendant for the damages claimed in his counterclaim. The finding of the jury was favorable to the plaintiff insofar as the defendant's counterclaim for damages was concerned. It is unnecessary to pass upon the error assigned in these exceptions pendente lite, that is, on the ruling of the court refusing to strike from the defendant's answer allegations referring to the damages which the defendant seeks to recover in the counterclaim. Alleged errors of law relating to an issue on which the finding of the jury was favorable to the plaintiff in error do not constitute a ground for reversal. The plaintiff cannot properly complain thereof. Such an assignment of error will not be considered by this court. *Bowen v. Holland,* 184 *Ga.* 718 (193 S. E. 233); *Dawson &c. Co. v. Montezuma Fertilizer Co.,* 19 *Ga. App.* 42 (90 S. E. 984); *Hardin* v. *Almand,* 64 *Ga.* 582; *Reeves* v. *Lancaster,* 159 *Ga.* 540 (126 S. E. 480); *Southern Cotton Oil Co.* v. *Thomas,* 155 *Ga.* 99 (117 S. E. 456). The plaintiff in error must show that the error complained of was prejudicial to him. *Richter* v. *Cann,* 191 *Ga.* 103 (11 S. E. 2d, 774). He was not prejudiced by a finding on an issue favorable to him. A plaintiff in error cannot complain of a favorable verdict, even where the same is error, being unauthorized by the pleadings and the evidence. *Greenwood* v. *Starr,* 174 *Ga.* 503 (163 S. E. 500).

The same would be true as regards the amendment to the defendant's answer and counterclaim, to the allowance of which the plaintiff objected and the court overruled the objection, if this were properly before this court for its consideration.

■ In special ground 1 of the motion for new trial, the plaintiff says that the court erred in charging the jury as follows: "Or it may be when you come to the evidence you may find it

to be an accident and neither party is responsible. That is, if someone driving a car in the rear of the defendant's car ran into him, and his running into him causing his car to go across the center line and hit the Buick car as the defendant says he did, he would not be responsible unless he contributed or participated in the act of the party hitting him. In other words, if he was thrown over there and he couldn't help it, it would be an accident so far as the defendant is concerned and the plaintiff could not recover." The plaintiff contends that this charge was error because, when the court charged "If some one driving a car was in the rear of the defendant's car and ran into him, caused his car to go across the center line and hit the Buick car as the defendant says he did," the court expressed an opinion, intimation, and statement that the plaintiff made this statement, which was calculated to influence the jury and did influence the jury to believe that the plaintiff had made this statement as charged by the court," there being "no evidence by any witness"; that said charge was error because there was no proper plea of accident filed, and such charge was not warranted by any pleading; that said charge was error because there was no evidence showing that there was any accident, and such an instruction was unauthorized as the evidence showed there were only two cars involved "in the accident"; and the same constituted an opinion by the court as to what had and had not been proved, and introduced a new theory into the case, the same not being supported by any evidence. The exceptions to this charge are that it instructed the jury on a theory of defense not warranted by any pleadings in the case and not supported by the evidence, to wit, the theory of accident, and also because this charge constituted an expression of opinion by the court that the plaintiff had made the statement, and was an intimation by the judge as to what had or had not been proven. The amendment was not objected to and was in the record. It was proper for the court to charge the jury to consider the same as a part of the pleadings. It was under the allegations thereof that the theory of accident, as to the defendant, was raised, and there was evidence from which the jury could determine that, insofar as the defendant was concerned, the impact between the defendant's automobile and that of the plain-

tiff was an accident, that is, the defendant was not negligent and it was not his negligence that caused the injury to the plaintiff, but the same was, insofar as this defendant was concerned, an accident. Under the evidence the jury could so find, or they could find that the impact resulted from a failure on the plaintiff's part to exercise due care for his own safety; and, in either event, the jury were authorized to find, under the record of this case, that the defendant was not liable to the plaintiff. The charge excepted to being warranted under the pleadings and the evidence, and there being evidence from which the jury could find that this collision was, as to the defendant, without negligence, it was not error for the court so to charge. Also, there is no merit in the contention by the plaintiff that such charge introduced a new theory into the case, not warranted by the pleadings. This amendment was a part of the pleadings.

■ In special ground 1 of the motion for new trial, error is assigned on this charge: "In the amendment by the defendant he says that a car ran into him from the rear, going in the same direction he was going, and as far he is concerned the accident, and anything that resulted from that car running into him was an accident, and he claims he is not liable under that theory." This charge was not error. As we have seen, insofar as this court is concerned, this amendment was allowed without objection. For the court to charge thereon did not constitute an expression of opinion by the court that the plaintiff's car and not the car of some third person, while traveling in the same direction as the defendant, ran into and struck the defendant's automobile from the rear. The court was authorized under the pleadings and the evidence to charge to this effect. There was evidence that an automobile, not the plaintiff's car, traveling in the direction in which the defendant's car was traveling ran into the rear of the defendant's car, the impact knocking the defendant's car into the path of the oncoming car of the plaintiff. The court did not, by the above charge, express any opinion as to the evidence and did not intimate that the defendant was not liable to the plaintiff or that the plaintiff was not entitled to recover of him. The judge by this charge simply informed the jury as to the allegations of the defendant's amendment. Immediately thereafter and in the next breath, he charged "So

I will give you the defense of accident," quoting the provisions of Code § 102-108. This charge was not error.

The court did not, by charging the jury that "anything that resulted from that car running into him was an accident," express an opinion that there was an accident and the defendant therefore was not liable.

■ The evidence authorized the verdict for the defendant.

The court did not err in overruling the plaintiff's motion for a new trial.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*