## 37131. CLYDE v. THE STATE.

CARLISLE, Judge. The trial judge's certificate to the bill of exceptions does not unqualifiedly approve the bill of exceptions as being true, but undertakes to enumerate the particulars in which the judge contends it is untrue. Construed in a light most favorable to the plaintiff in error, it at most amounts to a certificate approving the bill of exceptions as being in part true and in part untrue. Such a certificate "is absolutely void and in legal potency and effect in the creation of a writ of error amounts to no more than a refusal by the judge to affix his name to the certificate which constitutes a writ of error." *Barker* v. *Peoples Loan &c. Co.*, 178 *Ga.* 464 (2) (173 S. E. 704); *Calhoun* v. *Southern States Naval Stores Co.*, 185 *Ga.* 153 (194 S. E. 191); *Youmans* v. *Consumers Financing Corp.*, 80 *Ga. App.* 676 (57 S. E. 2d 238); *Jones* v. *Pierce*, 66 *Ga. App.* 254 (17 S. E. 2d 838).

*Writ of error dismissed. Gardner, P.J., and Townsend, J., concur.*

DECIDED APRIL 15, 1958.

*P. C. King, Jr.*, for plaintiff in error.

*R. A. Patterson, Solicitor-General, Jesse G. Bowles*, contra.

The judge's certificate to the bill of exceptions, instead of being in the usual form, contains the following recitation:

"The foregoing bill of exceptions having been presented to the undersigned on February 15th, 1958, and after having examined the same in the presence of the Solicitor-General of the Pataula Circuit, and Hon. P. C. King, counsel for plaintiff in error, the undersigned advised counsel for the plaintiff in error that there was certain recitals of fact in the bill of exceptions that were not true, and pointed out to him which recitals of fact were not true, and the undersigned asked counsel for plaintiff in error if he desired to take the bill of exceptions back and correct the same and present it again as corrected, for the certificate of the undersigned, and counsel for plaintiff in error stated then and there that he had rather the undersigned prepare its own certificate and note in the certificate what recitals of fact were not true. That, the court will now undertake to do.

"The recitals of fact contained in the first 24 lines of the bill of exceptions are true, and beginning with the 25th line of the bill of exceptions and following down to the paragraph where Carolyn Clyde names herself as plaintiff in error, and the State of Georgia as defendant in error, are not true and did not occur during the trial or subsequent thereto.

"The purported amendment to the motion for new trial in this matter was presented to the trial judge on February 1st, 1958, and on Feb. 8th, 1958, counsel for plaintiff in error was in the office of the undersigned, and the undersigned at that time advised counsel for plaintiff in error that the court could not approve the grounds of the amended motion as they were then written and requested counsel for the plaintiff in error to take the same and correct it and present it again on Feb. 15th, on which date the matter was set to be heard, and counsel for plaintiff in error stated to the court that if the court would prepare its order pointing out its reasons for not approving and allowing the purported amendment to the motion for new trial, and the court did so prepare such order, and attached it to the purported amendment to the motion for new trial, and in said order disallowed and disapproved each and every ground of the purported amendment to the motion for new trial, and the court gave its reason for so doing in said order.

"No amendment to the motion for new trial was ever presented to the undersigned which contain a true recital of fact as to what occurred during the trial, as will be shown by the order attached to the purported amended motion for new trial.

"On February 15, 1958, the hearing on the motion for new trial came on for a hearing, and after hearing argument on the general grounds, an order was signed by the undersigned overruling the motion for new trial on the general grounds.

"The undersigned is of the opinion that the following documents are material to a clear understanding of the errors complained of in the bill of exceptions, to wit:

"1. The indictment, together with all entries thereon, together with the plea of not guilty and the verdict of the jury entered thereon;

"2. The motion for new trial and the order overruling the said motion for new trial.

"3. The brief of evidence, agreement of counsel thereon, and the approval of the brief of evidence by the undersigned.

"4. The charge of the court, together with all entries thereon.

"5. The sentence of the court.

"And the Clerk of the Superior Court of Terrell County, Georgia, is hereby directed to make out a complete copy of such portions of the records as are herein in this certificate specified and certify them as such and cause them to be transmitted to the Court of Appeals of Georgia, in order that the errors complained of and alleged to have been committed, may be considered and corrected.

"This 3rd day of March, 1958.

/S/ W. I. Geer
Judge Superior Courts
Pataula Judicial Circuit."