A95A2825. TANKESLEY v. THOMPSON.
(469 SE2d 853)

POPE, Presiding Judge.

Richard Tankesley, Robert Tankesley, William Tankesley and John Tankesley are the adult sons of Stella Lee Kays, who died intestate on July 24, 1992. During the administration of Kays' estate, Richard and the court-appointed administrator, Mary Thompson, asserted that Kays had advanced approximately $70,000 to Robert during the last two years of her life. Robert denied this assertion. After extensive discovery and several hearings on the matter, the probate court ruled that the $70,000 disbursed to Robert was not an advancement, but rather constituted loans or investments made to Robert and/or businesses he had started — primarily Southern Broasted Foods, Inc. (SBF). Concluding that the probate court did not err in reaching its determination, we affirm.

"An advancement is any provision made by a parent out of his estate, for and accepted by a child, either in money or property, during the parent's lifetime, over and above the obligation of the parent for maintenance and education." OCGA § 53-4-50 (a). In this state,

when a parent dies intestate, a substantial gift of money or property from the parent to his or her child during the parent's lifetime is ordinarily presumed to be an advancement. See *Bowen v. Holland*, 184 Ga. 718, 720 (1) (193 SE 233) (1937); *Neal v. Neal*, 153 Ga. 44, 45 (3) (111 SE 387) (1922). This presumption, however, is rebuttable. Id. The relevant inquiry in cases such as this is the decedent's intent at the time of the transactions in question. *Berry v. Berry*, 208 Ga. 285, 289 (2), 290 (66 SE2d 336) (1951). The determination as to the decedent's intent is to be made by the finder of fact — either the jury, or a judge in a case tried without a jury. See *Smith v. Varner*, 130 Ga. App. 484 (203 SE2d 717) (1973).

In the instant case, all of the money in question was disbursed in the form of numerous checks written by Kays. All of the checks except one were either payable to SBF or named SBF or another business entity in the memo portion thereof. Many of the checks also included the notation "investment" or "loan." Robert testified by affidavit that at the time Kays wrote each check, she indicated that the money was an investment. Robert further testified that at various times during her life, Kays expressed her intent that at the time of her death her estate should be divided equally between her four children, regardless of any gifts she previously may have given to any particular child. The affidavits of William and John corroborate that this was Kays' intent, as do the various wills, though not valid, that Kays executed during her life. Additionally, Kays' attorney testified by affidavit that as far as he was aware, "at the time of her death, [Kays] contemplated that her estate, as it existed at the time of her death, would be divided equally between her four sons, notwithstanding any gifts she may have made to them during her lifetime." The record also shows that Kays was a shrewd business woman who often invested in other businesses, and there is some evidence that she expected a return on her investment in SBF.

Based on the above evidence, we hold that the probate court, as the sole factfinder and judge of witness credibility in this case, did not err in concluding that Robert had met his burden of rebutting the presumption that the disbursements constituted advancements. The probate court was authorized to conclude that Robert had demonstrated with clear and satisfactory evidence that Kays' intent when she made the disbursements was that they be treated as loans or investments rather than advancements. Accordingly, we affirm the probate court's ruling.

*Judgment affirmed. Beasley, C. J., and Ruffin, J., concur.*

DECIDED MARCH 13, 1996.

*Michael S. Katz, Robert G. Nardone*, for appellant.

*Joyner & Burnette, John C. Joyner, Rich, Smith & McCoy, Michael T. Smith, Mary J. Thompson, Adam R. Gaslowitz*, for appellee.