2286.   BISHOP *et al. v.* MORRIS, Judge.

This court has no jurisdiction to compel a judge of the superior court, by mandamus, to sign a bill of exceptions in a civil case which originated in the superior court; nor in a criminal case, if the bill of exceptions be not presented to the trial judge within twenty days from the date of the decision complained of.

Application for mandamus.

Submitted November 26,—Denied December 4, 1909.

*George F. Gober, W. R. Power,* for applicants.

PER CURIAM.   The jurors that had been engaged in the trial of a criminal case in the superior court were, upon the conclusion of the trial, discharged from service by the judge, for certain causes stated in an order filed by him.  Three of the jurors, being dissatisfied with this order, and especially with certain statements contained in the order, presented a bill of exceptions to the judge of the superior court, complaining of the order, and he declined to sign it.   It appears that the order was signed September 14, 1909. The bill of exceptions was presented November 6, 1909.   The court remained in session for more than thirty days after the order was granted.   An application for mandamus is presented here, to compel the signing of the bill of exceptions.

If the order as to which the prospective exception is taken was made in any case—if the discharging of a juror from service is a matter that will admit of writ of error (all of which we seriously doubt)—it is either a civil matter or a criminal matter.   As it originated in the superior court, this court would have no jurisdiction over it, if it be a civil matter.   If it be a criminal matter, we have no jurisdiction, because the bill of exceptions was not tendered within twenty days from the date of the decision complained of. *Tillman* v. *State, ante,* 87 (66 S. E. 278).

*Mandamus nisi denied.*