### BROWN v. HUTCHESON, Judge.

PER CURIAM. J. S. Brown filed in this court a petition seeking a writ of mandamus against John B. Hutcheson, Judge of the Stone Mountain Circuit, to require him to certify a bill of exceptions. Omitting irrelevant portions, the petition shows that the petitioner pleaded guilty to a misdemeanor in the superior court of Clayton County; that a fine was imposed, and its payment suspended during such time as the defendant refrained from the offense charged; that, in a proceeding on relation of the solicitor-general that defendant had resumed such offense, it was ordered that the fine be collected and that the clerk issue a fi. fa. therefor; that the defendant filed an affidavit of illegality, a verdict against which was directed on motion of the solicitor-general; that a motion for a new trial was thereupon filed, a hearing thereon had, and said motion dismissed; that a "motion to revoke the order of dismissal and reinstate the motion for new trial" was filed, and on the hearing thereof the court overruled and denied the same. To this judgment movant tendered a bill of exceptions. The trial judge returned the bill of exceptions with a letter to counsel, stating as follows: "The enclosed bill of exceptions was received by me on May 31st, and I am herewith returning you the same for correction. The only thing now before the court, as I understand it, is the overruling of the motion to reinstate a motion for a new trial, which was dismissed. Therefore, in my opinion, the only record necessary for the determining of the issues in this case would be only the record and evidence in the motion to reinstate the dismissal of motion for a new trial. If you will make a bill of exceptions in conformity to this suggestion, and send it to me, I will certify the same." The bill of exceptions filed in connection with the petition for mandamus shows that the sole judgment which movant sought to have reviewed was the judgment refusing to reinstate the motion for new trial. The petition for mandamus refers to an ancillary equitable petition filed as an amendment to an affidavit of illegality, in which affidavit the affiant used the language: "Deponent has not had his day in court to show cause why said execution should not proceed against him, and deponent has been denied his constitutional rights allowed him by the constitution of the United States and the constitution of the State of Georgia, and the laws of the United States and of the State of Georgia." *Held:*

1. The amendment denominated as an ancillary equitable petition contains no facts or prayers which would afford equitable relief, and therefore can not be properly termed an equitable petition.

2. No constitutional question is raised in the motion for new trial, nor is any question raised which would authorize this court to exercise jurisdiction of the case.

3. Under the Civil Code (1910), §§ 6159, 6252, the Supreme Court has jurisdiction to issue a mandamus only to require a trial judge to certify a bill of exceptions in a case of which this court would have jurisdiction under the provisions of the constitution found in § 6502.

4. In a case which, under the constitution, must be reviewed by the Court of Appeals, an application for mandamus should be made to that court under Rule 24 in the Civil Code (1910), § 6348.

5. This court has no authority to transfer a petition for mandamus filed

in this court to the Court of Appeals. The constitutional provision giving jurisdiction to this court and the Court of Appeals provides that "any case . . carried to the Supreme Court which is of the class of which the Court of Appeals has jurisdiction may be transferred to the Court of Appeals under such rules as the Supreme Court may prescribe." Under this provision this court is authorized only to transfer a *case* which has been transmitted to it for review. A petition to mandamus a trial judge to certify a bill of exceptions is not a *case* within the purview of said constitutional provision.

6. This court, having no jurisdiction to pass upon the petition for mandamus, refuses to entertain the same, without passing upon or intimating any opinion of its merits.　　　　*Application dismissed.*

No. 6678.　JULY 18, 1928.

Original application for mandamus.

*Aldine & Hewett W. Chambers,* for the applicant.