BARKER *et al. v.* PEOPLES LOAN & SAVINGS COMPANY *et al.*

No. 9477.    FEBRUARY 17, 1934.

*Spence & Spence,* for plaintiffs.

*J. V. Poole* and *Grover Middlebrooks,* for defendants.

RUSSELL, C. J.   In 1922 the owners of all the capital stock of Magnolia Cemetery sold their shares of stock to Peoples Loan & Savings Company for $75,000, receiving $10,000 cash and what purported to be certificates of preferred stock aggregating $65,000. In 1925 a new agreement was reached between the sellers and purchasers, and the sellers surrendered their stock certificates and received other certificates to the amount of $45,500.   The business of the cemetery company was managed by Peoples Loan & Savings Company and E. W. Allen, its president, and who was also president of the cemetery company.   Payments due under the terms of the stock certificates not having been made, the holders of a majority of this stock brought suit in 1929 against the Magnolia Cemetery Company, to enforce collection thereof.   The Peoples Loan & Savings Company and E. W. Allen filed interventions to recover sums claimed to be due them by the defendant.   The court referred the case to an auditor, who in his report found in favor of some of the contentions of plaintiffs and against others, and found certain sums due the Peoples Loan & Savings Company and E. W. Allen. The auditor stated:   "Inasmuch as the Peoples Loan & Savings Company   .   .   purchased all the capital stock of Magnolia Cemetery Company, paying for the same $10,000 in cash and contracting to pay the balance in yearly installments,   .   .   I find that the petitioners under this contract of purchase do not occupy the position of stockholders, but that under the law they are creditors, and that the so-called certificates of preferred stock are in reality evidences of indebtedness setting forth, in the main, terms and conditions of the purchase of the capital stock of the Magnolia Cemetery Company."   The auditor found there was due petitioners

$2258.62 under the terms of the evidences of indebtedness held by them, and he rendered judgment therefor against the defendant, this judgment to be superior to the judgments in favor of the Peoples Loan & Savings Co. and E. W. Allen. Thereafter the plaintiffs filed an amendment to their petition, and prayed that all the property of the cemetery company be sold and the proceeds applied to the payment of their certificates of indebtedness, after payment of costs and expenses of the receivership proceedings. The defendant filed a response, joining in the prayer for a sale of the property. The court referred these pleadings to the auditor for findings on final disposition of all issues in the case. In his report the auditor found that the proceeds of the sale of the cemetery property, after payment of expenses and costs, should be applied to the payment of the purchase-price due to the plaintiffs, before the judgments in favor of the Peoples Loan & Savings Company were paid. This report was made the judgment of the court, and by order of the court the property was exposed for sale at public outcry. Some of the plaintiffs made a bid of $10,000; but they being unable to make the cash payment required at once, to pay expenses of the proceeding, the receiver again offered the property for sale on the same day, and it was knocked off to E. W. Allen at $6100, this amount being only about $100 more than the costs and expenses. The time for passing on the confirmation of this sale was postponed several times by the court at the instance of plaintiffs, but the sale was finally confirmed over objections. The plaintiffs excepted to the order of the court confirming the sale, and brought the case to this court, where the writ of error was dismissed on account of a defective certificate to the bill of exceptions. *Eady* v. *Magnolia Cemetery Co.*, 175 *Ga.* 787, supra.

The instant suit was brought by two of the seven plaintiffs in the case just cited, in behalf of themselves and others who might intervene, against Peoples Loan & Savings Company, E. W. Allen, and Magnolia Cemetery Company. The petition is denominated a bill of review. It is set out that through inadvertence, accident, and mistake the judgment rendered in the prior case was against Magnolia Cemetery Company instead of against Peoples Loan & Savings Company, the purchaser of the capital stock of the Magnolia Cemetery Company; that the plaintiffs tendered the bill of exceptions in the *Eady* case to the judge, who stated that some corrections

should be made therein, but that he would do this himself, but instead of making the corrections in the bill of exceptions he embodied them in his certificate, and the writ of error was dismissed by the Supreme Court without fault of plaintiffs. They prayed that the judgment against Magnolia Cemetery Company be reviewed and corrected, which judgment should have been rendered against Peoples Loan & Savings Company; and that the judgment of the court confirming the sale of the property of Magnolia Cemetery Company be set aside. The defendants moved to dismiss the bill of review, and introduced in evidence the entire record in the case of *Eady* v. *Magnolia Cemetery Company*. The court sustained the motion. Error is assigned on that judgment.

In the petition it is set forth that by reason of the fact that the writ of error in the previous action was dismissed, without fault on the part of the plaintiffs in error, the present petitioners should in equity and justice be permitted to obtain a review of the trial in the Supreme Court of which they were deprived by the dismissal of a former writ of error; that the bill of exceptions in the previous case was dismissed because of the failure of the judge to approve the bill of exceptions and certify it, as required by the Civil Code (1910), § 6145, and that instead of doing this he inserted other matter into the certificate, qualifying certain portions of the bill of exceptions; that plaintiffs in error have lost substantial rights through no fault of their own, unless the dismissal of their bill of review be reversed. It is stated in the brief that in the *Eady* case, supra, "this honorable court refused to consider plaintiffs in error's bill of exceptions, . . because the certificate of the presiding judge in the lower court was fatally defective. Obviously, plaintiffs in error lost the right to a hearing in this court through no fault of their own. . . Counsel for plaintiffs in error concede that if the case . . had been considered on its merits, its dismissal or an unfavorable decision therein in this court would have constituted res adjudicata. In as much as plaintiffs' unfortunate plight is the result of mistake and inadvertence of other persons, and plaintiffs being powerless to correct the mistakes otherwise, they properly brought the instant action."

It is provided in the Civil Code, § 6158, that "If the judge shall determine that the bill of exceptions is not true, or does not contain all the necessary facts, he shall return the same, within ten

days, to the party or his attorney, with his objections to the same in writing." We can not agree with counsel for plaintiffs in error in this case that the alleged error or mistake of the judge of the superior court affords any basis for a bill of review. No reason is stated in the present petition which was dismissed, or elsewhere in the record, why the former bill of exceptions which was dismissed was accepted or filed by the plaintiffs in error. While under section 6145 it is the duty of the judge to certify in the precise form set forth, he is none the less required by law to certify every bill of exceptions in which his judgments are to be reviewed by an appellate court, if everything material to the issues in the trial be truthfully stated. A failure to perform the latter duty entitles the litigant to mandamus to compel the judge to certify. In like manner, where a proposed bill of exceptions is returned to a party or his counsel for the purpose of being filed, and a reading of the judge's certificate discloses that by the addition of matter foreign to the essentials of the certificate provided by section 6145 the certificate as tendered is absolutely void, the plaintiff in error should decline to accept it, and should certainly not waive the defect in the certificate by filing the bill of exceptions. The decisions of this court to the effect that a judge can not sign a second bill of exceptions, because he has exhausted his jurisdiction in the signing of a first bill of exceptions, are beside the mark when nothing has been signed which comes within the definition of the certificate prescribed by law. We hold, therefore, that in the case at bar the real reason why the prior bill of exceptions was dismissed was inadvertence or laches on the part of counsel for plaintiffs in error. The provisions of section 6147, that "It shall be the duty of the judge, to whom any bill of exceptions is presented, to see that the certificate is in legal form before signing the same; and no failure of any judge to discharge his duty in this respect shall prejudice the rights of the parties by dismissal or otherwise," have been construed by this court so as to refer to omissions from the requirements of that section, but not to include cases where additions are included in the certificate which should properly be corrections in the bill of exceptions, and should precede the certificate. That this has been the uniform holding of this court is pointed out in *Eady* v. *Magnolia Cemetery Co.,* supra. As held in *Hawkins* v. *Americus,* 102 *Ga.* 786, "Where the judge's certificate verifies the bill in part only,

and shows it to be in part untrue, the certificate is not a lawful one." The language of section 6159 is very broad. "If from any cause the bill of exceptions is not certified by the judge, without fault of the party tendering, such party or his attorney shall apply at the next term of the Supreme Court, and, on petition, obtain from said court a mandamus nisi, directed to such judge." This court has pointed out, in *Anderson* v. *Few, 79 Ga.* 558 (4 S. E. 920), that when a bill of exceptions is duly presented to the judge, he can, according to strict law, do only one of two things, either return it with his objections, or sign the certificate. Should he do neither, the remedy is mandamus to compel signing. To sign a certificate so written or altered as to be substantially different from that which the statute prescribes is equivalent to not signing at all. See *Preetorius* v. *Barnes, 75 Ga.* 313.

The court did not err in dismissing the petition, even if it were not admitted in the brief of counsel for plaintiffs in error that the issues raised, or which could have been raised, in the previous adjudication in the superior court are res adjudicata. "Equity will interfere to set aside a judgment of a court having jurisdiction only where the party had a good defense of which he was entirely ignorant, or where he was prevented from making it by fraud or accident, or the act of the adverse party, unmixed with fraud or negligence on his part." Civil Code, § 4585. In *Augusta Loan Association* v. *McAndrew, 63 Ga.* 490, this court said: "A court of equity will set aside the judgment of a court of competent jurisdiction only where the party had a good defense of which he was entirely ignorant, or where he was prevented from making it be fraud, accident, or the act of the adverse party, unmixed with fraud or negligence on his part. Where a case has been tried in the superior court, and exceptions taken to the rulings therein, and the writ of error dismissed because of defects in the record, a bill to set aside the judgment on the same grounds of error is demurrable. Ordinary diligence would require counsel for plaintiff in error to examine the record, and be ready to suggest a diminution, if necessary."

The case of *Eady* v. *Magnolia Cemetery Co.,* supra, was brought by seven parties, alleging themselves to have been originally stockholders in the Magnolia Cemetery Company. It was brought against the cemetery company as the sole defendant. Two parties inter-

vened as plaintiffs, the Peoples Loan & Savings Company and E. W. Allen. It is to be noted that while the plaintiffs in error who are now parties in the present action complain that by inadvertence or otherwise there was a failure to enter judgment against the Peoples Loan & Savings Co., it does not appear that plaintiffs' counsel in the previous case called the attention of the court to this fact at the time the judgment was rendered or was being entered, nor did they make any complaint of this omission in the bill of exceptions in that case. The only exception presented by the bill of exceptions which was dismissed was as to the confirmation of the sale, which produced only $6100. It is therefore too late now to attempt to raise the point that judgment was not entered against the Peoples Loan & Savings Company as well as the original defendant named by the petitioners. As a consequence, the trial judge did not err in his judgment dismissing that portion of the bill of review which sought to reopen this matter. The failure of the plaintiffs in error and their associates to specifically except to the defect in the judgment in their former bill of exceptions certainly constituted res adjudicata. Furthermore, it does not appear from the present record that there was any good reason why the judge should not have confirmed the sale. The fact that the plaintiffs in error had gained, as they now insist, everything for which they contended, would not at that time have altered the result. The only bid made for the assets in the hands of the receiver was $6100. The plaintiffs had asked a sale of the property, and they had agreed that $6000 was properly chargeable as the cost of the receivership, etc., which they had invoked. They had been awarded for the purchase-price of their stock $45,500 as a priority over the claims of the Peoples Loan & Savings Co., and of Allen, amounting to about $17,000, in the proceeds of the sale. That the only bid was but $6100 was merely a matter of "bad luck" for all parties concerned. There is no suggestion that the result was due to fraud of any kind, or sharp practice, such as chilling bidding. On the contrary, before the judge confirmed the bid he twice continued the hearing as to confirmation, and did not confirm the sale until May 24, though the actual bidding was on the first Tuesday in March, 1932. It seems strange, if indeed the property is so extremely valuable as is argued, that some one of the numerous holders of the certificates of indebtedness did not raise the bid, as sug-

gested by the court. So, not only upon consideration of fixed principles of law to which we have referred, but also in view of the circumstances, it does not appear that the injury which has resulted to the plaintiffs in error is as grave and serious as it has been pictured by their indefatigable counsel. The court did not err in dismissing the bill of review.

*Judgment affirmed. All the Justices concur.*

ATKINSON, J., concurs in the judgment of affirmance, but not in all that is said in the opinion.