32459. McBURNEY *v.* ANDERSON, Judge.

Decided March 18, 1949.

*Randall Evans, Jr.*, for petitioner.

PER CURIAM. Dykins McBurney filed a petition in this court for a mandamus against Hon. G. C. Anderson, Judge of the Superior Courts of the Augusta Circuit, to require him to sign and certify a bill of exceptions, a copy of which is attached to said petition. It appears from this petition that during the trial of a suit by McBurney against Lawtis J. Woodward, doing business as Uptown Motor Sales, for damages for alleged fraud and deceit on the part of said defendant in the sale of a certain automobile by the defendant to McBurney, in Richmond Superior Court before Judge Anderson and a jury, counsel for the plaintiff asked McBurney, "Did you buy the car because of the representation that it was new?" Counsel for the defendant objected to this question and made a motion to exclude the question and answer and all other testimony of McBurney that varied the terms of the written contract of sale of the automobile from L. J. Woodward to Dykins McBurney, which contract had been introduced in evidence. The trial judge stated, "I overrule the objections until I hear all the testimony." Other testimony was introduced by the plaintiff, and at the conclusion of the evidence, upon motion of counsel for the defendant, a nonsuit was granted by Judge Anderson and the jury was dismissed. Counsel for the plaintiff and the defendant agreed that the judge might enter his written order granting the nonsuit later and date it back to October 11, 1948, the date of the nonsuit, and said judgment was placed in writing on October 14, 1948. The judgment is as follows: "The above-stated case coming on to be tried, and after plaintiff, Dykins McBurney, introduced evidence for the plaintiff and some of which was objected to, and ruling withheld and announced, the plaintiff rested, defendant moved for a nonsuit. Before plaintiff rested, defendant introduced evidence on cross-examination of plaintiff's witnesses. After hearing argument on the motion for nonsuit, it is the judgment of the court, that the objection to the evidence was sustained and that a nonsuit is granted and the cost of court is taxed against Dykins McBurney, defendant. This 11 day of Oct., 1948." It is contended by the applicant for mandamus that no mention was made by the judge on October 11, 1948, that he sustained the objections to the plaintiff's testimony at variance with a certain written con-

tract relating to the purchase of the automobile. The respondent in his answer says that he cannot remember all that was said when rendering the judgment of nonsuit, but the judge is clear that he took into consideration the fact of ruling out such evidence when rendering the judgment of nonsuit.

On October 26, 1948, counsel for both the plaintiff and the defendant approved as correct a brief of evidence, and the same was presented to Judge Anderson, who approved it as correct and ordered it filed. On October 28, 1948, counsel for McBurney tendered his bill of exceptions to Judge Anderson, who made an entry that it was tendered on that date, but withheld final certification until the defendant in error could be consulted as to its correctness. At a hearing for this purpose, on December 28, 1948, counsel for the defendant made a motion for Judge Anderson to revoke his order approving the brief of evidence unless the plaintiff corrected the same so as to leave out all oral testimony of Dykins McBurney which sought to vary the terms of the written contract which was introduced into evidence. The plaintiff, through counsel, announced that he would not correct the brief of evidence, contending that it was correct, and objected to any revocation of the order of approval of Judge Anderson. The hearing was continued until December 31, 1948, when the parties appeared before Judge Anderson again, the court having ordered orally that a corrected brief of evidence be presented, but plaintiff did not correct the brief of evidence, and objected to the revocation of the order of approval by the court. Within the next three days, plaintiff in error, having been notified orally by the judge that he was revoking the order of approval, presented a bill of exceptions, assigning error on all previous matters included in his bill of exceptions, and also assigning error on the revocation of the order of approval, and attaching the brief of evidence with the court's order of approval thereon. The judge did not approve the bill of exceptions, but on February 7, 1949, passed a written order, in part as follows: "The court overruled the above-quoted objections of the plaintiff, thereby withdrawing the court's approval of the brief of evidence entered on the 26 day of October, 1948, as hereinabove stated, and again states that it will not approve the brief of evidence in this case unless the testimony of Dykins McBurney varying the terms

of the written contract in the purchase of this automobile is left out of the brief of evidence, and the court offered to continue the hearing on the bill of exceptions to a future date to give counsel an opportunity to comply with the order of the court in reference to the brief of evidence, and counsel for plaintiff stated that he did not want additional time, as he would not rewrite the brief of evidence in compliance with the court's order. Therefore, the brief of evidence as now before the court, which is above referred to, is hereby disapproved and shall not be presented as any part of the record in the bill of exceptions presented to this court. On account of the press of business of the court the hearing on the bill of exceptions has been continued until this date, and the bill of exceptions is hereby returned to Mr. Randall Evans Jr., counsel for plaintiff in error, with the above objections noted, and February 21, 1949, is hereby set as the date for a corrected brief of the evidence and bill of exceptions to be presented. This February 7, 1949."

It is alleged by the applicant that, on February 21, 1949, he presented his bill of exceptions to Judge Anderson, complaining of all matters contained in the bill of exceptions previously presented, and also complaining of the above written order of revocation, and of the order prohibiting him from presenting the brief of evidence which had been once approved by the judge as part of the record. He attached the same brief of evidence to his bill of exceptions. On February 21, 1949, the trial judge certified that the bill of exceptions "is not true because it does not contain or specify the portions of said record as set forth in the order passed on February 7, 1949, which was returned together with bill of exceptions, to Mr. Randall Evans Jr., as attorney at law for plaintiff in error; and especially because it does not contain a corrected brief of evidence in accordance with the said order of February 7, 1949; and because the statements contained in the next to the last paragraph of what would be page 6, had counsel numbered his pages, of the tendered bill of exceptions, and the last paragraph of said page 6, and top of page 7, have no part in a bill of exceptions; and because, in reference to the statements made in the last paragraph 7, it is no part of the duty of the court to make a brief of the evidence." On February 23, 1949, the plaintiff in error submitted a bill of exceptions,

omitting all the portion referred to by the court as being objectionable, except the brief of evidence was left in its original form. Judge Anderson did not sign the bill of exceptions and, on March 1, 1949, advised counsel for the plaintiff in error that as the corrections required in his order of February 7, 1949, were not made by the date set, to wit, February 21, 1949, and as he had already signed a certificate, he thought he had lost jurisdiction to do anything further in regard to the matter, and that counsel might come by his office and pick up the bills of exceptions.

Thereafter, Dykins McBurney filed his petition in this court for a mandamus, a rule nisi was granted and made returnable on March 15, 1949, and Judge Anderson filed his response on that date.

■ It is contended by the applicant for mandamus that no mention was made by the trial judge on October 11, 1948, that he had sustained the objections to the plaintiff's testimony at variance with a certain written contract relating to the purchase of the automobile in question. It is stated in the written judgment granting the nonsuit that the objection to the plaintiff's evidence in this respect was sustained. The judgment granting the nonsuit was reduced to writing three days after the court granted the nonsuit, but this was done by agreement of both parties to the suit, and this is the judgment of record granting the nonsuit. The judge in his response here says that he does not remember all that was said when rendering the judgment, but says he is clear that he took into consideration the fact of ruling out such evidence when he rendered the judgment of nonsuit. Considering the judgment of nonsuit and the judge's response to the mandamus nisi in this proceeding, this court must hold that the objection to the plaintiff's testimony was sustained by the judge and so considered by him when he rendered the judgment of nonsuit.

■ It is contended by the applicant here that the trial judge did not have the right to revoke his approval of the brief of evidence in question. The respondent in his answer says that said brief of evidence was approved under a misapprehension of the fact that it contained the evidence to which objections were sustained and considered when the judgment was rendered therein.

"The trial judge may amend a brief of evidence so as to make it speak the truth, even after it has been agreed upon by counsel, approved by the court, and filed." *Elkins* v. *Roberson,* 103 *Ga.* 558 (29 S. E. 755). See also *Price & Maas* v. *Bell,* 88 *Ga.* 740 (5) (15 S. E. 810), and *Andrews* v. *State,* 21 *Ga. App.* 498 (2) (94 S. E. 583). Accordingly, in these circumstances the trial judge had authority to revoke his former order of approval of the brief of evidence in this case.

■ It is alleged that the copy of the brief of evidence was attached to the bill of exceptions which was presented to the trial judge for certification. Code (Ann. Supp.), § 6-909, provides: "If the judge shall determine that the bill of exceptions is not true, or does not contain all the necessary facts, he shall return the same, within 10 days, to the party or his attorney, with his objections to the same in writing. If those objections shall be met and removed, the judge may then certify, specifying in his certificate the cause of the delay. The judge shall order notice to the opposite party of the fact and time of tendering the exceptions and may hear evidence as to the truth thereof." Since a brief of evidence is essential to test the validity or nonvalidity of the grant of a nonsuit, and where a copy of a brief of evidence was attached to the bill of exceptions presented to the judge for certification, it was within the province and authority of the trial judge to insist upon a correct brief of evidence before certifying the bill of exceptions, and this is a matter for determination by the judge; and he may set a date for a hearing and hear evidence with respect to same and as to the truth thereof. The judge returned the bill of exceptions to counsel for the plaintiff to be corrected as pointed out in a written order which was signed by him on February 7, 1949, and which appears in the above statement of this case.

■ Counsel for the plaintiff partly complied with the judge's order by eliminating certain immaterial matter in the way of letters from the bill of exceptions, but refused to change the brief of evidence as requested in the order above referred to. When the bill of exceptions was tendered to the trial judge, on February 21, 1949, attached thereto was the same brief of evidence without the corrections as pointed out by the judge having been made.

Thereupon, the trial judge certified, among other things, that the bill of exceptions was not true, especially in that the brief of evidence had not been corrected. The bill of exceptions was again tendered to the judge on February 23, 1949, with the same uncorrected brief of evidence; and, on March 1, 1949, the judge returned the bill of exceptions to counsel for the plaintiff with a statement that he considered that he had lost jurisdiction of the matter, as the brief of evidence was not corrected by February 21, 1949, in accordance with his previous order, and he had already signed a certificate on February 21, 1949.

(a) Where a trial judge signs a certificate to a bill of exceptions certifying that the recitals of fact contained in the bill of exceptions are not true, the same, in legal effect, is a nullity and amounts to no more than a refusal by the judge to sign the certificate to the bill of exceptions. *Barker* v. *Peoples Loan &c. Co.*, 178 *Ga.* 464 (2) (173 S. E. 704). Accordingly, the trial court did not lose jurisdiction of the case by reason of having signed the certificate on February 21, 1949, certifying that the bill of exceptions was not true. We are of the opinion that the trial judge still has jurisdiction in the matter.

■ Under the facts of this proceeding and the law applicable thereto, the judge will not be required to sign the bill of exceptions as contended for by the applicant for mandamus herein.

*Mandamus absolute denied. Sutton, C. J., MacIntyre, P. J., Gardner, Parker, and Townsend, JJ., concur. Felton, J., dissents.*

FELTON, J., dissenting. While the ruling of the majority clearly protects the right of the petitioner to have a bill of exceptions certified with the evidence in question omitted, and to except to the ruling out of such evidence, I can not bring myself to agree to the proposition that a trial judge can make a ruling on evidence after a trial is completed and without any agreement by counsel that he may do so. I think that the record requires the conclusion that the judge made no ruling on the evidence before he announced his judgment orally nor at any other time before his written judgment of nonsuit. What he acted on in the secret recesses of his mind is immaterial. He is required to act on the record as it was at the time. Insofar as his ruling on the evidence, his written order was void for lack of jurisdiction and

can be so treated. It follows that the brief of evidence submitted to the judge as a part of the bill of exceptions was a correct brief, and the judge should be required to certify as true the bill of exceptions which contains such brief and which he admits is otherwise in due form and correct.