36061. WILLIAMS, Commissioner, etc., *v.* SMITH, Judge
pro hac vice.

TOWNSEND, J. 1. The jurisdiction of this court to consider and pass upon an application for a mandamus nisi, directed to a trial judge to show cause why he should not be required to certify a bill of exceptions, and to determine the validity of the reasons given by the judge for his refusal to sign and to pass final judgment in the matter is based on and determined by the jurisdiction of this court to consider the case involved if properly appealed. This is implicit in the provisions of Code § 6-910. *Brown* v. *Hutcheson,* 166 *Ga.* 644 (4) (144 S. E. 17). Nothing to the contrary is held in *Bishop* v. *Morris,* 7 *Ga. App.* 98 (66 S. E. 278). The ruling in that case that "as it [the controversy] originated in the superior court, this court would have no jurisdiction over it, if it be a civil matter" is explained by the fact that the *Bishop* case was decided in the year 1909 at a time when under the provisions of the Constitution of this State (Ga. L. 1906, p. 24) the Supreme Court was vested with exclusive appellate jurisdiction for the "correction of errors in law and equity from the superior courts in all civil cases." By the Constitutional amendment of 1916 (Ga. L. 1916, p. 19) now embodied in Code (Ann.) § 2-3704, the jurisdiction of the Supreme Court in relation to that of the Court of Appeals was redefined, so that the *Bishop* case is no longer applicable.

2. A purported certificate to a bill of exceptions which certifies the bill as being true in part and untrue in part and which sets out the portion of the bill disapproved of by the trial court is not a certification of the bill of exceptions (*Barker* v. *Peoples Loan &c. Co.,* 178 *Ga.* 464 (2), 173 S. E. 704) and the reference in such purported certificate to insufficiencies of the facts alleged in the bill of exceptions is no more than notice to the party of such defects. In such a case the trial judge still has jurisdiction to consider a later proffered bill of exceptions and to certify the same to be true or to refuse to do so and give notice of his objections as required by Code (Ann. Supp.) § 6-909 (Ga. L. 1946, pp. 726, 739). *McBurney* v. *Anderson,* 78 *Ga. App.* 776 (4) (52 S. E. 2d 519).

3. It is the duty of the trial judge, upon presentation to him of a bill of exceptions for certification, to certify the facts alleged as true which are alleged as facts (not merely the contentions of the party preparing the same) or to point out wherein the allegations of such facts are untrue. This duty applies to the allegations of fact pertaining to the record in the case and other appropriate allegations of fact, whether or not the latter pertain exclusively to the actual trial of the case.

It is therefore ordered and adjudged that the respondent exercise his jurisdiction over the bill of exceptions, a copy of which is attached to the application for mandamus in this case, and to either certify the facts alleged therein to be true or to return such bill of exceptions to the applicant with notice of his objections as required by law.

*Felton, C. J., Gardner, P. J., Carlisle, Quillian and Nichols, JJ., concur.*

DECIDED FEBRUARY 14, 1956.

*Eugene Cook, Attorney-General, Wm. L. Norton, Jr., Ben F. Johnson, Jr., H. Grady Almond, Jr., Broadus B. Zellars, Benjamin B. Blackmon, III, Assistants Attorney-General,* for petitioners.