36809. NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE *et al. v.* PYE, Judge.

DECIDED OCTOBER 10, 1957—REHEARING DENIED
NOVEMBER 18, 1957.

*A. T. Walden, D. L. Hollowell, E. E. Moore, Jr., Romae L. Turner, S. S. Robinson,* for petitioners.

*Eugene Cook, Attorney-General, E. Freeman Leverett, Robert H. Hall, Assistant Attorneys-General,* contra.

PER CURIAM. This is an application for rule nisi brought by the respondents in a contempt proceeding to compel the trial judge to certify the bill of exceptions presented by them to him in appealing from a judgment finding them guilty of contempt. The petition, in proper form, prays for this court to issue a rule nisi requiring the trial judge to show cause why he should not sign the bill of exceptions. The cause of the petitioners is predicated on the right of an appellant to compel the trial judge to certify, without qualification, a true bill of exceptions. The specific contention is that the trial judge in certifying the bill of exceptions ordered certain statements of counsel deleted from the brief of evidence and required another statement made by counsel inserted in the brief of evidence.

A certificate that the facts alleged in a bill of exceptions upon which an appeal is based are not true amounts to a refusal to certify that the bill of exceptions is true. *McBurney v. Anderson,* 78 *Ga. App.* 776 (4) (52 S. E. 2d 519). In such

circumstances the trial court does not lose jurisdiction to sign a certificate that the bill of exceptions is true, and in a proper case he may be compelled by the appellate court having jurisdiction of the case to so certify.

It appears from a careful perusal of the facts alleged in the petition that the matters which the trial court ordered deleted from the brief of evidence consisted of colloquies between the court and counsel for the petitioners which were not evidence in the case and not, under Code (Ann.) § 6-801, properly included in the brief of evidence. Assuming but not deciding that some of the statements of the petitioners' counsel, if offered in the form of sworn testimony, might have been admissible and of some evidential value, this did not serve to change their nature from mere observations of counsel to that of competent evidence.

It is well settled that clients are bound by statements of their attorneys made in open court. While it is true that declarations of an attorney as to the mental attitude of his client are not binding on the client unless made in his presence (*Farrar* v. *Brackett*, 86 *Ga.* 463, 466, 12 S. E. 686), when a statement that the client will refuse to abide by the order of the court is made by counsel in open court, and is not denied by the client, it becomes the statement of the client. *Tolbert* v. *State*, 12 *Ga. App.* 685, 686 (9) (78 S. E. 131). In this case both of the respondents, petitioners here, were present. One, an individual, was physically present, the other, a corporation, was represented by its officers and attorneys. Where such statements are in the nature of admissions, they are evidence against the client and are properly incorporated in the brief of evidence. *Central of Ga. Ry. Co.* v. *Johnston*, 106 *Ga.* 130 (1) (32 S. E. 78). The case being tried was a contempt proceeding. Vital to the determination of the respondents' guilt or innocence of the contempt of the superior court, was their disposition to obey or defy the court's previous order. The statement of counsel which the court ordered included in the record was made in open court, in the presence of the trial judge, hence was in effect addressed to him. It was a clear declaration that the defendants would not unconditionally abide by the judge's previous order. It was material evidence concerning the principal issue in the case. The brief of evidence would have been incomplete without the statement. It was the

duty of the trial judge to see that the brief of evidence was complete, and he properly ordered the statement inserted in the brief of evidence. Code (Ann.) § 6-801. It should be observed in reading the preceding headnotes that there is a vast difference between statements made by counsel in colloquies with the court which in their nature are self-serving declarations and admissions of attorneys imputable to their clients.

Having determined that the trial judge was, as disclosed by the record, correct in his ruling as to the matter that should be included and excluded from the brief of evidence, we are constrained to hold that the petition for mandamus nisi shows no right to have the writ issued. The writ is denied and the petition dismissed.

*All the Judges concur.*