37144.   N. A. A. C. P., INC., *et al. v.* WILLIAMS, Revenue Commissioner.

DECIDED JUNE 23, 1958—REHEARING DENIED JULY 31, 1958.

A. T. Walden, D. L. Hollowell, E. E. Moore, Jr., S. S. Robinson, Romae L. Turner, Robert L. Carter, Jr., for plaintiffs in error.

Eugene Cook, Attorney-General, E. Freeman Leverett, Robert H. Hall, Assistant Attorneys-General, contra.

FELTON, Chief Judge. This is an appeal by the National Association for the Advancement of Colored People, and J. H. Calhoun, the President of the Atlanta branch of said association, from an order and judgment adjudging defendants in contempt for the violation of an order of court requiring the production of records for inspection by the Revenue Commissioner of Georgia for income tax purposes.

1. The motion to dismiss the writ of error on the ground that the bill of exceptions was not tendered in time is without merit for the reason that the trial judge certified as true a recital in the bill of exceptions that the bill of exceptions was presented within thirty days from the date of the judgment complained of.

2. The motion to dismiss the writ of error on the ground that the brief of evidence was not unconditionally approved is without merit for the reason that such a fact is not a ground of dismissal of the writ of error.

3. The motion to dismiss the writ of error on the ground that the certificate to the bill of exceptions is conditional is meritorious and is granted.

The bill of exceptions in this case is the identical one which was before this court in the matter of the plaintiffs in error's petition for mandamus (National Association for the Advancement of Colored People v. Pye, 96 Ga. App. 685, 101 S. E. 2d 609), including the certificate in question. No effort was made to correct the brief of evidence as required and no new certificate was presented to or signed by the judge unconditionally certifying that the bill of exceptions contained all the evidence and specified all of the record necessary to an understanding of the errors complained of. The judge's certificate, in full, is as follows: "I do certify that the foregoing bill of exceptions is true and specifies all the evidence, and specifies all the record material to a

clear understanding of the errors complained of; and the Clerk of the Superior Court of Fulton County is hereby ordered to make out a complete copy of such parts of the record in said case as are in this bill of exceptions specified, and certify the same as such and cause the same to be transmitted to the Court of Appeals, that the errors alleged to have been committed may be considered and corrected.

"I do further certify that the facts relating to the presentation and certification of this bill of exceptions and the delays incident thereto are as set forth in the following orders of this court, complete copies of which parts of the record in said case, certified as such, the Clerk of the Superior Court of Fulton County is hereby ordered and directed to transmit to the Court of Appeals with this bill of exceptions, to wit: (a) Order of February 12, 1957 entered on copy of communication addressed to counsel for plaintiffs in error dated February 11, 1957, making said copy a part of the record, said copy and order filed February 12, 1957. Said order and copy of communication are both to be transmitted; (b) Order of February 26, 1957 entered on 'Request for Clarification,' and said 'Request for Clarification,' both filed February 26, 1957, and both to be transmitted; (c) Order of April 15, 1957, entered on copy of communication dated April 13, 1957, to counsel for plaintiffs in error, making said copy a part of the record, said copy and order both filed April 15, 1957, and both to be transmitted; And also in the following facts: Said communication of April 13, 1957 refers to documents handed the court on March 18, 1957 and on March 21, 1957; these two dates refer to but one occasion the correct date of which was March 18, 1957; no documents of any kind were handed the court on March 21, 1957; the first part of said communication had been prepared before receiving counsel's letter dated April 12, 1957, which is set out in the communication and erroneously states the date as March 21, 1957; in the latter part of the communication the court made the same error. And also in the following facts: On May 13, 1957 counsel for plaintiffs in error left the message in the court's office that they would bring documents that afternoon at four o'clock; shortly before that hour counsel called and stated there was delay but they would come at five o'clock; the court in-

structed that counsel be advised the court was leaving and would receive the documents the following morning, at which time, the morning of May 14, 1957, there were tendered the court the following documents, to wit: The transcript of the proceedings in two parts, which has been certified, and the brief of evidence (except documentary evidence), which has been conditionally certified. Also tendered was a statement of counsel as to why they declined to follow the court's directions as to the brief of evidence in certain particulars. This statement has been made a part of the record by order dated the 5th day of June, 1957, and a copy of the same and of said order certified as such are ordered transmitted by said clerk to the Court of Appeals.

"This 6th day of June, 1957.

"/s/ Durwood Pye.
Judge, Superior Court,
Atlanta Judicial Circuit."

"Addition by Court.

"By Item 7 of the record there is referred to the transcript of the proceedings in two parts—Part 1 and Part 2, with separate orders of the court approving each part dated June 5th, 1957.

"By Item 8 of the record there is referred to the brief of the evidence (except documentary evidence) with the conditional approval of the court thereon dated June 5th, 1957, and the separate documentary evidence, with the approval of the court thereon dated June 5th, 1957.

"/s/ Durwood Pye.
Judge, Superior Court, A. J. C."

The certificate to the brief of evidence is as follows: "I do certify that the foregoing 348 pages constitute a true and correct brief of the evidence (except documentary evidence which is herewith separately certified), except for the following, each of which was heretofore by communication dated April 13, 1957, made a part of the record by order of April 15, 1957, called to the attention of counsel for the respondents in said case, said counsel refusing to comply with the order of said date in respect thereto, to wit: 1. The following should be deleted: On Page 4 beginning with the words, 'Mr. Moore: If the defendants had had time', etc., through end of Page 10. Also, on Page 57, delete

from the words, 'The Court: Do you make any attack on the validity of the regulation?' through the words, 'it is a perfect defense.' These deletions are in conformity with the requirements of Items 1 and 2 on Page 2 of the aforesaid order. 2. The following should be inserted on Page 2 between the words, 'The Court: Well, suppose the court accorded you a hearing now and went into the whole matter and concluded that you ought to produce these records. Would you produce them?' and the words, 'Mr. Moore: No. As to that, I take this position,' etc., to wit: At this point A. T. Walden, leading counsel for respondents, stated to said Moore audibly in substance as follows: 'Tell him we will produce them if he will revoke his order,' following which said Moore answered the court as follows: This is in compliance with the first part of Item 12 of page 3 through the middle of Page 5 of the aforesaid order. 3. Delete the following: On Page 344 from the words, 'The Court: As a lawyer and officer of the court,' etc., through the words on Page 345, 'the income and disbursements of the corporation.' This is in compliance with Item 16 of the aforesaid order.

"This 5th day of June, 1957.

"Durwood T. Pye.

Judge, Superior Court, A. J. C."

The first part of the judge's certificate that the bill of exceptions was true and specified all the evidence and record material is contradicted by the later statement that the brief of evidence specified was conditionally approved. Such a certificate is not an unqualified certificate that the bill of exceptions specifies all of the record and evidence required. Such a conclusion is implicit, at least, in our ruling on the petition for mandamus. We now expressly so rule. This conclusion is in perfect accord with the contentions of the plaintiffs in error in their petition for mandamus. Paragraph five of the petition for mandamus alleged: "That on the 14th day of January, 1957, petitioners tendered their bill of exceptions to the Honorable Durwood T. Pye; that after numerous correspondence and communications between court and counsel for petitioners herein, as well as hearings, for the purpose of perfecting the bill of exceptions, said judge, did on June 6, 1957, fail and refuse to sign a legal and valid certifi-

cate upon the bill of exceptions in that said certificate, as signed, is not unqualified; for the reason that the judge's certificate attached to the bill of exceptions notes that, '. . . the brief of evidence . . . has been conditionally certified'. Also, the court in his certificate of June 5, 1957 on the stenographic transscript of the brief of evidence recites, in part, that, 'I do certify. that the foregoing 348 pages constitute a true and correct brief of the evidence (except documentary evidence which is herewith separately certified), except for the following, each of which was heretofore by communication dated April 13, 1957, made a part of the record by order of April 15, 1957, called to the attention of counsel for respondents in said case, said counsel refusing to comply with the order of said date in respect thereto. . . A copy of said communication dated April 13, 1957, and made a part of the record by order of April 15, 1957, is attached as Exhibit 'B' and made a part hereof by reference. Also attached as Exhibit 'C' and incorporated herein by reference, is a copy of the respondents' reply to said communication of April 13, 1957, said reply being dated May 14, 1957."

Paragraph ten of the petition for mandamus alleged: "Your petitioners are advised that it was the official duty of said judge to certify their bill of exceptions as tendered, without modifications, additions, and deletions therein set out by him; that he committed error in refusing to certify same as tendered and that his refusal to certify said tendered bill of exceptions without the modifications described in his certificate rendered his said certification thereof conditional, thus depriving this court of jurisdiction to review the judgment rendered in said case." The proper and necessary procedure in the matter would have been for the plaintiffs in error to correct the brief of evidence by including therein the matter directed by the judge to be included and to delete the matter ordered deleted by the judge and to have the corrected brief approved by the judge unconditionally; and the bill of exceptions should have been corrected as directed by the judge and as corrected should have been presented to the judge whose duty it would have been to sign an unconditional and unqualified certificate to the effect that it specified all of the evidence and record necessary to a clear understanding of the errors com-

plained of. Instead of following the above procedure the plaintiffs in error filed the same bill of exceptions, as aforesaid, which, being qualified as stated, under the plain and distinct decisions of the courts of this State amounted to no bill of exceptions at all. A bill of exceptions certified as this one is not certified as required by law and the reference in the purported certificate to insufficiencies of the facts alleged in the bill of exceptions is no more than notice to the party of such defects. *Williams* v. *Smith,* 93 *Ga. App.* 429 (2) (91 S. E. 2d 840); *Youmans* v. *Consumers Financing Corp.,* 80 *Ga. App.* 676 (57 S. E. 2d 238); *Jones* v. *Pierce,* 66 *Ga. App.* 254 (17 S. E. 2d 838), and citations.

Under the foregoing authorities the only recourse this court has is to dismiss the writ of error for the reasons above stated which show that this court is without jurisdiction of the case.

*Writ of error dismissed. Quillian and Nichols, JJ., concur.*

ON MOTION FOR REHEARING

The certificate in this case did not attempt to make all corrections necessary in the brief of evidence by inserting them in the certificate or by reference to an approved part of the record, assuming even that such a thing could be done under decisions cited in the opinion, but indicated some deficiencies by mere reference to a conditionally approved brief of the evidence, and the facts of this case do not bring it within the rule that this court can treat as surplusage the additional matter added by the trial judge to his purported certificate. Neither did the certificate require to be sent to this court approved parts of the record which were not specified in the bill of exceptions. These facts render inapplicable the rulings in *Crumley* v. *Hall,* 202 *Ga.* 588 (43 S. E. 2d 646); *Harris* v. *Lumpkin,* 136 *Ga.* 47 (70 S. E. 869); *Scott* v. *Whipple,* 116 *Ga.* 211 (42 S. E. 519).

Moreover, in order for this court to consider the merits of the plaintiffs' petition for mandamus, (96 *Ga. App.* 685), supra, this court necessarily was required to find, in accordance with their contentions, that the bill of exceptions was conditionally certified, for the reason that if the certificate had been unconditional the trial court was without jurisdiction to sign another certificate, and the case would have been filable in this court on the unconditional certificate already signed. The plaintiffs have now re-

versed the position which they solemnly took in judicio, and under which they prevailed in obtaining a ruling on the merits of their petition for mandamus, and they are now estopped to contend that the present certificate is unconditional. *Bennett* v. *Bennett,* 210 *Ga.* 721 (82 S. E. 2d 653) and cases cited; Code (Ann.) § 38-114, catchword "Position."

*Motion for rehearing denied.*