## S-5. FOWLER et al. v. THE STATE.

NICHOLS, Justice. A petition in the nature of mandamus was filed in this court to require the Superior Court of Carroll County to set appeal bonds pending appeal from convictions for the possession of less than one ounce of marijuana.

The petition alleged that the trial court *treated* the convictions as misdemeanors, that a written record from the trial court would be provided at the earliest possible time, that the appeal would be moot insofar as the 30-day jail sentence was concerned if the prayers of the petition were not granted. It was further alleged that after conviction and sentence the trial court refused to permit appeal bonds. The petition also alleged that the appeal on its merits would be in this court. The prayers of the petition were granted by this court ex parte and an appeal bond was thereafter permitted in each case by the trial court. A motion for rehearing was filed on behalf of the State by the district attorney and an oral hearing was had where both sides were represented although no record of the proceedings in the trial court has yet been filed in this court.

The petition filed in this court made a case under Rule 36 (c) where the issue of jail sentence would become moot because the defendants were being denied bail in misdemeanor cases where they were entitled to bail as a matter of law (*Code* § 27-901), and the petition made a case which would have come to this court on the appeal from the conviction. Thus, a case was made for the extraordinary exercise of the inherent power of this court to preserve its jurisdiction and protect the defendants' statutory right to bail. Compare *Garland v. Tanksley,* 99 Ga. App. 201 (107 SE2d 866).

On the hearing in this court it was undisputed that the trial court provided that the sentences be served in jail rather than in the penitentiary, and while this may have reduced the punishment to misdemeanor punishment, it

did not reduce the offense to a misdemeanor as provided by *Code* § 27-2501. It was also undisputed that an oral request for bond was made in a conference at the bench "while the jury was out" thus of necessity before sentence, not after, and that the appeal was one within the jurisdiction of the Court of Appeals and not the Supreme Court.

Accordingly, since the agreed statements of counsel in this court showed that the appeal was not one within the jurisdiction of this court and that the crime had not been reduced to a misdemeanor so as to require bail as a matter of law, the case does not fall within the intent of Rule 36 (c) or the law exemplified by *Garland v. Tanksley, supra.*

Under decisions exemplified by *Brown v. Hutcheson,* 166 Ga. 644 (144 SE 17); *Williams v. Smith,* 93 Ga. App. 429 (1) (91 SE2d 840); and *Scott v. Hubert,* 99 Ga. App. 784 (109 SE2d 614), the judgment granting the prayers of the petitioners entered on October 23, 1972, is vacated and the petition is dismissed.

*All the Justices concur, except Hawes, Gunter and Jordan, JJ., who dissent.*

DECIDED DECEMBER 19, 1972.

*Harrison & Garner, G. Hughel Harrison, James W. Garner,* for movants.

*Eldridge W. Fleming, District Attorney,* contra.

GUNTER, Justice, dissenting from order entered December 19, 1972, vacating an order entered by the court in the same matter on October 23, 1972.

On October 20, 1972, John R. Fowler and James S. Green, movants, filed a motion in this court pursuant to Rule 36 (b) of this court seeking an order from this court that would permit them bail pending the appeal of their cases.

The motion alleged, among other things, the following: (a) The movants were indicted, tried, and convicted for the possession of less than one ounce of marijuana. The jury

fixed punishment for each movant, such punishment being a fine of $800 and 30 days confinement. The trial judge imposed sentences as fixed by the jury on October 16, 1972. (b) On October 16, 1972, the movants filed notices of appeal and motions for a new trial. (c) On October 16, 1972, the trial court refused to fix an appeal bond and refused an appeal bond for each of the movants. The movants were committed to the custody of the Sheriff of Carroll County. (d) Each of the movants is within the terms and provisions of Ga. L. 1971, p. 271 (*Code Ann.* § 79A-9917). (e) A motion had been filed with the Court of Appeals of Georgia for an order granting bail pending appeal, but said motion had been denied by the Court of Appeals.

On October 23, 1972, this court granted the movants' motion, two Justices dissenting, and the order entered by this court on that date was as follows: "The trial court and the Court of Appeals denied bail in this case pending appeal. Movants were convicted of possessing less than one ounce of marijuana which carries a sentence not to exceed one year of imprisonment or a fine not to exceed $1,000, or both. Code § 79A-9917. The Criminal Code of Georgia defines 'felony' and 'misdemeanor.' Code § 26-401. Movants were therefore convicted of a 'misdemeanor' and should have been granted bail pending appeal. Code § 26-901. In a misdemeanor case the convicted party is entitled to bail as a matter of right pending appeal. The motion filed in this court is granted, and direction is given that bail be granted pending appeal. Let the parties, the trial judge, and the clerk of the Superior Court of Carroll County be notified and served by mail with a copy of this order. Mobley, C. J., and Nichols, J., dissent. Nichols, J., dissenting: 'I dissent on the ground that in the absence of a record before this court, this court does not have jurisdiction to consider this application for supersedeas.'"

On November 6, 1972, the District Attorney of the Coweta Judicial Circuit filed a motion in this court asking this court to reconsider the order passed in the matter on October 23, 1972 on the following grounds: "1. That said

order should be reconsidered and revoked for the reason that the same was passed without the State being notified and given an opportunity to appeal. 2. That said order should be reconsidered and revoked for the reason that the same was considered ex parte and without a record being presented to the court for its consideration. 3. That said order should be reconsidered and rescinded for the reason that it apparently holds that a violation of Code § 79A-9917 constitutes a misdemeanor, whereas, in fact, this holding, if it is to be the ruling of the court, needs to be issued in a case properly docketed in order that the ruling be published for the guidance of the trial courts for the State of Georgia."

The motion filed by the district attorney then went on to say that "movant wishes to state that it is believed that every superior court in the State of Georgia has held the Code Section involved to constitute a felony and that it is the practice of the district attorney's office in every judicial circuit of the State of Georgia to handle and treat the violation of said Code Section as a felony. It is, therefore, extremely important that this ruling be properly documented and published."

The district attorney's motion then merely prayed as follows: "Movant, therefore, respectfully requests that the order heretofore referred to be reconsidered and that a hearing be held at which the State of Georgia be given an opportunity to appear."

This court has today entered an order vacating its order in the matter entered on October 23, 1972. Three Justices of this court have today dissented from the order entered today.

1. It is clear to me beyond a reasonable doubt that Fowler and Green were convicted on October 16, 1972, of having committed a misdemeanor. In 1971 the General Assembly of Georgia enacted a statute (*Code Ann.* § 79A-9917) which provided that for first offenders, and notwithstanding any law to the contrary, found guilty of possession of one ounce of marijuana or less, the maximum punish-

ment could be imprisonment for a period not to exceed one year or a fine not to exceed $1,000, or both. The Criminal Code of Georgia (*Code Ann.* § 26-401) defines a misdemeanor, and it is as plain as it can be that the 1971 statute enacted by the General Assembly creates a first offender offense for possessing one ounce of marijuana or less, and such offense created by this statute is plainly a misdemeanor.

Under the law of this State a person convicted of a misdemeanor is entitled to bail as a matter of right pending appeal to the appellate court. *Code* § 27-901. And see *Allen v. Pratt,* 87 Ga. App. 704 (75 SE2d 329) and *Bennett v. Davis,* 100 Ga. App. 432 (111 SE2d 733).

It is my understanding of the law of this State that if one is convicted of a misdemeanor and thereafter files either a motion for a new trial or a notice of appeal and makes application for bail pending the appeal, it is mandatory for the trial court to grant bail pending appeal and set the amount of the bail bond. The reason for this rule is that an appeal takes many months for determination, and a person convicted of a misdemeanor, were he not allowed bail, could serve his entire sentence of confinement before termination of the appeal, and if the conviction were reversed he would have been required to serve his period of confinement without legal cause.

2. The majority decision rendered today infers that the crime for which the movants were convicted is a felony, that they received misdemeanor punishment, but that the offense or crime for which they were convicted was not reduced to a misdemeanor.

As explained above, I am of the opinion that the crime for which they were convicted is a misdemeanor, because the maximum sentence that could be imposed upon them under the 1971 Act of the General Assembly is one year. One year in plain understandable language is 12 months.

Since July 1, 1969, our law has defined a "felony" as a crime punishable by death, or by imprisonment for life, or by imprisonment for more than 12 months. That same

law defines a "misdemeanor" as any crime other than a felony. Chapter 26-4, Criminal Code of Georgia (*Code Ann.* § 26-401).

If the sentence of "imprisonment" can be more than one year for the crime committed, then the crime is a felony. If the sentence of "imprisonment" can not exceed one year, then the crime is a misdemeanor. The place of imprisonment, whether in a county jail or the State penitentiary, does not now have any bearing whatsoever on whether a crime is a misdemeanor or a felony. This has been true since 1964 when the General Assembly enacted a statute saying that persons convicted of misdemeanors can be confined in the penitentiary not to exceed a total term of 12 months. *Code Ann.* § 27-2506.

Since, in my view, the movants could not have received a sentence of imprisonment in excess of one year, and since they actually received a sentence of imprisonment for 30 days in the county jail, they were convicted for a misdemeanor, they received misdemeanor punishment, and they are entitled to bail pending their appeals as a matter of right. To hold that they are not so entitled is to evade the law of this State as I read and understand it.

3. The motion filed by the movants in this court on October 20, 1972, was properly filed in this court, and, in my opinion, this court had jurisdiction to rule on the motion. The motion showed that bail had been denied in the trial court and in the Court of Appeals.

Rule 36 of this court dealing with supersedeas invokes the inherent power of this court to issue such orders and give such direction to any inferior court as may be necessary to preserve jurisdiction of any appeal or to prevent any contested issue from becoming moot.

Since 1845 this court has had authority "to grant any writ necessary to carry out any purpose of its organization, or to compel any inferior tribunal or officers thereof to obey its order." *Code* § 24-3901 (3).

For this court to hold or even to infer that this court is without jurisdiction to rule on the motion filed in this court

on October 20, 1972, is, again in my opinion, an abdication or evasion of this court's responsibility within the judicial system.

It follows that I would not vacate this court's order entered in this matter on October 23, 1972. That order was correct.

I respectfully dissent.